Ruffin, Chief Justice.
The plaintiff, being sheriff of Lincoln county, received a writ of fieri facias for $2,498:23, with interest and costs, recovered by the defendant Green against the defendant Johnson, as administrator of Timothy Chandler deceased. The plaintiff placed the execution in the hands of one Maury, one of his deputies, who seized under it two slaves, which were found in the possession of the defendant Morris; and also six other slaves, and some cattle and household furniture, which were found in the possession, of the defendant Elizabeth Chandler. The seizure was made by the direction of the creditor Green, who pointed out the slaves and other articles to the deputy sheriff, as property be-r longing to the estate of Timothy Chandler, derived from Er lizabeth Chandler by their intermarriage and his subsequent *230 possession. Morris, alleging the two slaves, that were taken of his possession, to belong to him under an appointment by Elizabeth Chandler under a power in the will of one Arthur Graham, a former husband of the said Elizabeth, instituted an action of detinue for those slaves against Maury and Green. James Graham, as administrator of one William Graham deceased, (who was a son of the said Arthur Graham., deceased,) also claimed the other siy slaves, under a provision in the will of the father, Arthur; and brought an action of detinue for them against the same persons. A third action, namely, trespass, was brought against the same parties, Maury and Green, by Elizabeth Chandler, who claimed property in part of the slaves and other articles and the right of possession of the whole, and denied that any part was of the estate of her 1'ast husbaqd, Timothy Chandler. The deputy sheriff delivered all the effects seized to. his principal, the present plaintiff; and he was required by the creditor, Green, to proceed to a sale, and also, by Johnson, the administrator of Timothy Chandler, who insisted that the slaves and other things did belong to the estate of his intestate. The sheriff then filed this bill, as a bill of interpleader, against Green, Johnson, administrator of T. Chandler, and against the plaintiffs iu the three actions at law, that is to say, Morris, lames Graham, administrator of William Graham, and Elizabeth Chandler; in which he acknowledges the possession in himself of all the property seized by his deputy,.and submits to deliver to either or any of the defendants, or otherwise to dispose of it as of right he ought; and, in the mean while, prays for an injunction against further proceedings in the suits already brought at law, and also to restrain the creditor, Green, from taking any steps at law to compel him to sell, or .amerce, or otherwise punish him for not selling.
To this bill the defendants Green and Johnson, administrator, demurred; and the other defendants put in answers, setting forth the nature of their respective claims, and submitting to interplead with the other parties. But when the cause came on to be argued on the demurrer, between the plaintiff and the two defendants, who had put it in, the Judge of the Court of Equity was of opinion, that the case was not *231 a fit one for a bill of interpleader, and therefore sustained the demurrer and dismissed the bill as against those two parties. Prom that decree the plaintiff appealed to this Court.
In support of the bill, the counsel for the plaintiff has been unable to adduce the authority of any adjudication. His only reliance is a dictum of Lord Mansfield, in Cooper vs. Sheriff of London, 1 Bur. 37; in which he mentions a bill filed in Chancery by the sheriff, in a case of disputed property, ns one of the modes in which a sheriff may be relieved from danger or indemnified from loss. That, however, could not be a question in that cause; and, indeed, the doctrine belonged to another jurisdiction, and, therefore, although laid down by an eminent Judge, is not authority. We are saved the necessity of discussing the question on elementary principles, by haying a case in equity deciding it in opposition to that opinion of Lord Mansfield. Slingshy vs. Boulton, 1 Ves. & Bea. 334, was a bill of interpleader by a sheriff, similar to the present; and, on the motion for an injunction, Lord Eldon enquired for an instance of such a bill by a sheriff, and, none being cited, he declared the sheriff to be concluded from stating a case of interpleader, because in such a bill the plaintiff always admits a title against himself in all the defendants. He said, a person cannot file such a bill, who is obliged to state, that as to some of the defendants the plaintiff is a wrong doer.
If, in this case, the property was in the plaintiffs in the actions that have been brought at law, the sheriff was a trespasser in seizing it,, and he did it upon the responsibility of answering for the act as a trespass. Against that risk he should have provided, by taking a bond of indemnity from the execution creditor. He cannot escape from- responsibility by turning over the owners of the property on the creditor. On the other hand, if the property was really subject to the debt, it was properly seized, and the creditor is entitled to have it sold, notwithstanding unfouhded actions or claims by third person's'. The sheriff, having thus made himself liable to one or other of the parties, by misfeazanceornonfeazance, is not a mere stake-holder, but his interest is directly involv *232 ed in any decision that can be made on the claims of the other parties.
The decree must therefore stand affirmed and with costs in both Courts.
Per Curiam. Decree accordingly.