# Lassiter v. The State, for use &c.

### *Statutory Trial of the Right of Property.*

1. *Criminal court; has no jurisdiction to try statutory claim suit.*—The criminal court of Pike county, being a court of exclusive criminal jurisdiction, but clothed by amendatory act (Acts 1890-91, p 391), with "authority to grant writs of injunction and *ne exeat* returnable to the courts of chancery, and writs of *certiorari, mandamus, superedeas* and all other remedial and original writs which are granted by judges at the common law," is limited in the exercise of civil jurisdiction to the powers enumerated in the amendatory act, and has no jurisdiction to try a statutory claim suit, (Code, § 3004, *et seq.*) to determine the right to personal property.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. WILLIAM H. PARKS.

Upon a judgment confessed in the criminal court of Pike county, in the case of the State v. Andrew Carlisle, with J. D. Lassiter and J. J. Whitehead as sureties, an execution was issued from the said criminal court of Pike county and levied by the sheriff upon certain property, as the property of J. D. Lassiter, one of said sureties. Thereupon the appellant, Missouri Lassiter made an affidavit claiming the property so levied upon ; and upon the execution of a claim bond, a claim suit was instituted, and issue was made up under the direction of the court for the trial of the right to the property levied upon under said execution. The claimant pleaded to the jurisdiction of the court, upon the ground that the criminal court of Pike county is a court of limited juris-

diction created by statute, and has no jurisdiction to try civil cases, such as was the one at issue. There was demurrer to this plea, which was sustained by the court, and the claimant excepted. The claimant moved the court to quash the execution, which motion was overruled, and the claimant excepted.

Upon the hearing of the cause, there were verdict and judgment for the plaintiff in the claim suit, condeming the property claimed. From this judgment the claimant appeals, and assigns as error the rulings of the court in sustaining the demurrer to the plea and in overruling the motion to quash the execution, and the rendition of judgment in favor of the plaintiff,

D. A. BAKER, for appellant.

WILLIAM L. PARKS, *contra.*

BRICKELL, C. J.—This was the statutory proceeding known as a trial of the right of property, instituted by the appellant as claimant in the criminal court of the county of Pike, to try the right to personal property upon which the sheriff had levied an execution issuing from that court. The proceeding is essentially a civil suit; it has all the form and substance of an ordinary civil action. It is instituted by the verified claim of a stranger to the process the sheriff levies, and the giving of the bond the statute prescribes. Then, the plaintiff in the process becomes the actor, and on him rests the burden of proving the affirmative fact asserted by the levy of the process, that the property is the property of the defendant in the process, and subject to its satisfaction.—Code, § 3005 ; *Rhodes v. Smith*, 66 Ala. 174. It is a cumulative remedy, and can be maintained only when the claimant could have maintained trespass, trover, or detinue.—3 Brick. Dig. 776, § 7. The claimant resorting to the remedy, thereby releases the sheriff from all liability for damages for the seizure of the property.—Code, § 3016.

The criminal court, is strictly and narrowly a court of exclusive criminal jurisdiction. The amendatory act, approved February 6, 1891, clothes the court with "authority to grant writs of injunction and *ne exeat* returnable to the courts of chancery, and writs of *certiorari,*

*mandamus*, *supersedeas*, and all other remedial and original writs which are granted by judges at common law." This is the sole grant of civil jurisdiction or authority.— Pamph. Acts, 1888–89, p. 631; Pamph. Acts, 1890-91. p. 391. The judgment, or that which may have the form of a judgment, rendered by a court not having jurisdiction over the subject-matter is void; whatever may be its form, it is in legal effect no judgment. "By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one."—Freeman on Judgments, § 117. There is, and can be in it no element of estoppel. Jurisdiction of the subject-matter is the grant of the law; no consent, no act of the parties can confer it. The appellant instituted the claim suit, but her solicitation of the exercise of jurisdiction by the court, could not confer a jurisdiction the law-maker had not granted. The judgment of condemnation is void on its face; void because in its rendition the court assumed the exercise of a jurisdiction with which it was not clothed. With not less of authority, the court might have assumed to render a decree of divorce, or to have entertained an action of ejectment and rendered judgment for the recovery of possession of lands. When executions issue from the courts of probate, or the courts of chancery, the statute provides for the interposition of claims and trials of the right to personal property on which levies may be made. But the trials are had in the circuit court, or other courts of the county, having general jurisdiction at law.—Code, § 3006. The statute was the outgrowth of time and experience, and it may be similar legislation in reference to courts of exclusive criminal jurisdiction, of necessity rendering pecuniary judgments for fines, costs, breaches of bail bonds, and in other instances, would be beneficial. Until it is adopted, strangers to the process of the court, having the right to personal property on which the process may be levied, must pursue the ordinary common law remedies, and resort to the courts which have jurisdiction of the subject-matter and of these remedies.

The judgment is reversed, but of the cause there will be no remandment.