# Southern Ry. Co. *v.* Funke.

## *Assumpsit.*

(Decided June 13, 1907. 44 South. 397.)

1. *Judgment; Setting Aside; Who May Complain of.*—Where a judgment was rendered and set aside before one was a party to the proceedings, such one cannot complain of the preceding action.

2. *Garnishment; Judgment for Plaintiff; Effect as to Claimant of Fund.*—Where one was suggested as a claimant of the fund under contest in garnishment proceedings and appeared generally and procured a continuance, the judgment subsequently rendered for the plaintiff condemning the funds to the satisfaction of his claims, is res adjudicata in a subsequent suit between claimant and garnishee for the same fund.

APPEAL from Colbert Circuit Court.

Heard before Hon. JOSEPH N. NATHAN.

33 R

Action by John Funke against the Southern Railway Company. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

Funke sued appellant to recover $38, being wages earned by one Ernest Vaughan for the months of September and October, 1905. From a judgment for defendant in the justice court an appeal was taken by plaintiff, and judgment was rendered for him in the circuit court, from which judgment this appeal is prosecuted. Funke sued as assignee of said Vaughan; the assignment being dated September 20, 1905, and transferring and assigning "all and every amount or amounts due or to become due in the future for services rendered, or wages or salary due or become due in any capacity, for work, services, or labor performed or to be performed for the Southern Railroad Company, for the months of September and October, 1905." Vaughan earned $38 from the Southern Railway Company for said two months. Prior to the institution of this suit—it was begun March 7, 1906—certain proceedings had been had in a justice court in Morgan county, Ala., which appellant claims prevent a recovery in this case, namely: On October 19, 1905, J. W. Emens & Co. commenced suit against Vaughan for $25 on a waiver note; a writ of garnishment being issued in aid of said suit on the same day against the Southern Railway Company. The garnishee answered, admitting an indebtedness of $38, and on November 4th judgment by default was rendered against the defendant, Vaughan, and against the garnishee on its answer for $29, which was condemned, and later went to pay the judgment in favor of Emens and costs of the suit. Afterwards, on January 18, 1906, this judgment against the garnishee was set aside by the justice of the peace, and the garnishee was allowed to and did file a written answer on that day. In this answer

the former judgment of $29 was stated, and also that the balance of the $38 ($9) had been paid to John Funke under his assagment of date September 20, 1905. This answer also suggested Funke as claimant, and notice was issued to him, of date January 18th, served on him on the 19th, notifying him to come into said justice court of Morgan county and contest with Emens & Co. the right to said funds admitted by the garnishee. This matter was continued on the 20th of January to January 27th. On January 27th it was again continued, this time by claimant (Funke), to January 29th. On that day judgment was rendered in favor of Emens & Co. and against Funke by default, and the money was then paid on January 29, 1906, to Emens & Co., by the garnishee. Funke testified that on November 4, 1905, at 11 o'clock, he gave defendant's Tuscumbia agent notice of said assignment. Defendant by its pleas set up the said proceedings before the justice of the peace court of Morgan county, Ala., by way of res judicata or estoppel against plaintiff, alleging in the eighth plea (the only one to which demurrers were not sustained) that at the time of the rendition of said judgment, on November 4, 1905, it had no notice of Funke's claim to said amount. Demurrers having been overruled to this plea, trial was had on issue joined on plea of the general issue and on this eighth plea, which resulted in judgment for plaintiff.

HUMES & SPEAKE, for appellant. Funke not being a party to the proceedings is not in a position to complain of the action of the justice in granting a new trial.—90 Ala. 480; 77 Ala. 29; 52 Ala. 474. His appearing generally and having the matter continued waived such matters as should have been set up by plea in abatement, or under special appearance.—*Jones v. Marable.*

50 Ala. 366; *B'ham Flooring Mills v. Wilder*, 85 Ala. 593; *Stamphill v. Franklin County*, 86 Ala. 392; *L. & N. R. R. Co. v. Norwood.* The judgment of justice of the peace is a bar to this suit.—Section 2678, Code 1896.

JAMES H. BRANCH, for appellee. This was a suit.— *Francis, et. al. v. Bailey & McConnell*, 104 Ala. 566; *Virgin v. Ivy Coal & Coke Co.*, 127 Ala. 659. A judgment crystallizes into a record on the adjournment of the court rendering it and is no longer in the breast of the court to be set aside.—*Gayle v. Agee*, 4 Port. 439; *Noland v. Locke*, 16 Ala. 52; *Harris v. Billingslee*, 18 Ala. 438; *Kidd v. Montague*, 19 Ala. 619; *Teppino v. Peters*, 103 Ala. 196; *Owen v. Bankhead*, 82 Ala. 399; *Thomason v. Gray*, 84 Ala. 559; 128 Ala. 650. The demurrer to plea 2 was properly sustained.—*Moberly v. Peach*, 67 Ala. 345; 9 Ency. P. & P. 619; *Hopkins v. Shelton*, 37 Ala. 809; *Woodlawn v. Purvis*, 108 Ala. 511; *Lehman v. Hudmon*, 85 Ala. 135.

McCLELLAN, J.—It is manifest that the appellee cannot complain of the action of the Morgan county justice in setting aside the judgment rendered in favor of the plaintiffs Emens & Co., against the defendant Vaughan, or the garnishee therein, the appellant here. He was not, at the time of rendition of the judgment or at the time it was set aside, a party thereto or in any wise bound therein or thereby. If Emens & Co. saw fit to acquiesce in or consent to the setting aside of their judgment in the premises, no right of this appellee was infracted. So far as the appellee was then concerned, that action was res inter alios acta.

It is averred in the pleas that after the annulment of the original judgment, and after suggestion by the garnishee of the appellee as a claimant of the fund, and

after service of notice on the suggested claimant (appellee), he appeared generally and secured a continuance of the proceeding. He cannot now be permitted to try his alleged rights in another action. He should have availed himself of the opportunity afforded him by the Morgan county court; and the judgment rendered by that court concluded him, unless on appeal, or proceeding in that nature, that judgment was avoided.

It results that the appellant's pleas, asserting the defense discussed, were a complete bar to appellant's action on the assignment, and that the demurrers thereto were improperly sustained. Accordingly the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.