188 So. 859

### FIRST NAT. BANK OF MOBILE et al. v. BURCH.

### I Div. 40.

Supreme Court of Alabama.

May 11, 1939.

Rehearing Denied May 25, 1939.

McCorvey, McLeod, Turner & Rogers, of Mobile, for appellants.

Harry T. Smith & Caffey, of Mobile, for appellee.

THOMAS, Justice.

The bill was for interpleader among rival claimants for moneys seized by the Chief of Police of Mobile under legal process.

It is alleged by complainant Burch that the appellants (the banks) as administrators of the estate of Margaret Cox, deceased, and Clara Moskowitz, one of the respondents, claimed money that Clara Moskowitz alleged complainant took from her unlawfully, and that it "was not concealed except that it was put in a trunk in a closet at (her) home;" that of such sum, $4,458.77 was paid out by complainant on the order of the Circuit Court of Mobile, leaving a balance with complainant of $973.38, which was claimed by Mrs. Moskowitz as her own and the administrators of the Cox estate likewise claimed such amount.

It is averred by Mrs. Moskowitz that on the 23rd day of October, 1935, one Rosa Lartigue sued out a writ of garnishment on a judgment which she had recovered against the said Clara Moskowitz, and caused garnishment to issue thereon against the said Burch, who as garnishee filed his answer, admitting the possession of the sum of $5,040; that thereafter a claim was filed by the First National Bank of Mobile, and The Merchants National Bank of Mobile, as Administrators of the Estate of Margaret Cox, deceased, claiming the amount in his hands; that an issue was made up between "said claimants and Rosa Lartigue" as to whether said monies belonged to said Clara Moskowitz and subject to garnishment, or whether they belonged to said appellants as Administrators of the Estate of Margaret Cox; and that issue was decided in favor of Rosa Lartigue and on appeal to the Supreme Court, was reversed. First Nat. Bank v. Lartigue, 233 Ala. 670, 173 So. 21; that thereafter, on March 31, 1937, "without her knowledge or consent" an order was entered in said claim suit whereby the claimants (appellants) consented that plaintiff in the claim suit (Rosa Lartigue) "have judgment for $4,018.32 representing the principal and interest of plaintiff's claim, and for the further sum of $440.45, representing the costs accrued in connection with this proceeding." Petitioner Moskowitz further alleges that "she was not a party to said claim suit, and knew nothing about any hearing of this cause

at the time said order was entered; that the case was not set on the docket by the Clerk, and she was given no notice of any such hearing and did not participate in any manner therein, either in person or by attorney;" that the appellants having agreed to the entry of said judgment, and the court having acted upon said agreement, that appellants are now estopped from claiming the balance or remainder of said sum of $5,040 which has been paid into court, and which is the subject of this present controversy.

Copies of the answer of the garnishee and the judgment of the court therein are attached to the respondent Mrs. Clara Moskowitz' answer as exhibits in aid of her pleading. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

The respondents (appellants) appeared and answered the bill of interpleader, admitting all material allegations thereof, setting up that the money was formerly in the hands of the complainant, and now in the registry of this court, amounting to $973.38, and claiming it as the property of the Estate of Margaret Cox, deceased; alleged that prior to the time said money was found in the home of the respondent Clara Moskowitz, she stated to the officers executing the search warrant that she had no money in the house, and that even after the money was found she stated that the money was sent her by a rich uncle residing in Texas, and that upon being asked if she knew the signature of said uncle, replied, "Yes." and then stated, "No, he didn't send it to me. That (it) is money I have been saving;" and further alleged that Clara Moskowitz was duly served with notice of the issuance of the garnishment to Burch, she failed to enter any appearance in the claim suit, did not interpose any claim to any part of said funds, and appellants (respondents) further allege "that there was no occasion to give to the said Clara Moskowitz any further notice or advice as to any further proceedings in said cause and that the said Clara Moskowitz, having had notice of the suing out of said garnishment, and having failed to enter any appearance therein or claim said funds, was herself solely responsible for her lack of knowledge of any subsequent action taken in said cause." These respondents admit that said cause was settled according to the judgment referred to in the answer of the said Rosa Lartigue as said judgment was amended as alleged in said answer. These respondents admit that the said Rosa Lartigue did not consent to said judgment, and deny that she had any interest in said money, and that her consent was required or necessary.

" * * * Respondents further deny the right of the said Rosa Lartigue to question the aforesaid settlement, and respectfully allege that by failing to appear in said claim suit and propound her claim to the said $5,040.00, or any part thereof, she is now estopped to claim the same or any part thereof, and these Respondents deny that she, not being a party to said agreement, is now in position to allege or plead an estoppel on the part of these Respondents to claim the said funds in the hands of the Complainant in this cause. These Respondents further allege that in truth and in fact, no part of the said $5,040.00 was ever property of the said Mrs. Clara Moskowitz, the other Respondent, as evidenced by her failure to appear in said garnishment proceedings after due notice thereon and propound her claim, and that the claim now propounded is simulated and fraudulent."

Such were the original pleadings. It may not have been necessary to state the effect of the original answer. However, when the respondent Clara Moskowitz demurred to the claim and answer of the respondents (appellants), demurrer being sustained, the appellants amended their claim by re-writing paragraph five thereof, as follows: "5. These respondents admit that the complainant in the bill of complaint as amended is disinterested in the controversy over the ownership of said money and that he claims no interest therein except that of a stake holder, and that he desires to so act in the premises that the money may be paid over to the true owner thereof and that he may be relieved of all liability in connection therewith. These respondents admit that the complainant can accomplish this purpose only by interpleading the rival claimants to said money; namely, these respondents and the said Clara Moskowitz, and by paying into the Registry of this Court said sum of $973.38, which payment these respondents are informed and believe, and on information and belief allege, has actually been made. These respondents therefore admit that the facts of this case present proper matter for a bill of interpleader. And further answering the bill of complaint and the claim of the other

respondent Clara Moskowitz, filed in this cause, these respondents say that it is true that Rosa Lartigue sued out a writ of garnishment on a judgment which she had recovered against the respondent, Clara Moskowitz, in the Circuit Court of Mobile County, and caused Warren F. Burch to be summoned as garnishee, and that thereafter the garnishee filed his answer in said cause, and that Exhibit 'A' attached to the answer of the respondent, Clara Moskowitz, is a true copy of the garnishee's said answer."

It is further admitted in answer that a claim was filed by them as Administrators of the Estate of Margaret Cox, deceased, claiming the money which the said Warren F. Burch had found, in the execution of said search warrant, concealed in the home of the said Clara Moskowitz, as the property of the Estate of Margaret Cox, deceased; that thereafter an issue was made up between them, and the said Rosa Lartigue as to whether so much of said monies as were necessary to satisfy a judgment which the said Rosa Lartigue had procured against the said Clara Moskowitz belonged to the said Clara Moskowitz, and were subject to said garnishment, or whether they belonged to these respondents, then claimants, and that a verdict was rendered in said suit in favor of the said Rosa Lartigue, but that said verdict was reversed by the Supreme Court of the State of Alabama; that the said Clara Moskowitz as the defendant in the original suit brought by the said Rosa Lartigue was duly served with notice of the issuance of said garnishment, but that she wholly failed to enter any appearance in said cause, and did not interpose any claim to any part of said funds; that there was no occasion to give to the said Clara Moskowitz any further notice or advice as to any further proceedings in said cause and that the said Clara Moskowitz, having had notice of the suing out of said garnishment, and having failed to enter any appearance therein or claim said money or any part thereof, thereby abandoned her claim thereto, and was herself solely responsible for her lack of knowledge of any subsequent action taken in said cause; that said cause was settled according to the judgment referred to in the answer of the said Clara Moskowitz as said judgment was amended as alleged in said answer; that respondent banks admit that the said Clara Moskowitz did not consent to said judgment, and deny that she had any interest in said money, and that her consent was required or necessary.

And these respondents further deny the right of the said Clara Moskowitz to question the aforesaid settlement, and respectfully allege that the condition under which money to the amount of $5,040 was found, and the amount of money in each separate package found, and the denominations of each bill constituting each separate package are set forth in the bill of complaint as amended. While the claim of these respondents was to all of said money, the issue in the claim suit related only to so much of said money as was necessary to satisfy the judgment of the said Rosa Lartigue. That the issue involved, therefore, in said claim suit did not relate to nor concern the ownership of that part of said money over and above the amount necessary to satisfy said judgment. That the said Clara Moskowitz did not enter any appearance nor file any claim to said over-plus, and that by failing to appear in said claim suit and propound her claim to the said $5,040 or any part thereof she is now estopped from claiming any part thereof. And these respondents allege that she is not now in position to plead an estoppel against them and their right to claim the money involved in this interpleader proceedings. These respondents further allege that in truth and in fact no part of the said $5,040 was ever property of the said Clara Moskowitz, the other respondent, and that she so declared at the time the money was received, but that because she did not appear in said claim suit, the evidence offered by the respondents who were claimants in said suit to that effect was excluded by the court, and that the issues in said claim suit did not involve the ownership of the money involved in this interpleader proceedings. These respondents therefore allege that the judgment in the claim suit did not determine the ownership of the money involved in this interpleader proceedings, and that said money belongs to their intestate.

To this amendment, the respondent Clara Moskowitz refiled demurrers to the amended claim, and the court thereafter entered a decree sustaining said demurrers. Appellants declining to further amend their claim and answer, the court on the pleading alone and without any testimony, and over the objection of appellants, adjudged and decreed that the respondent

Clara Moskowitz was entitled to have paid over to her by the Register of this court the said sum of $973.38, which had been paid into the treasury of the court by the complainant in the original bill.

To the action of the court in entering judgment in favor of the claimant and respondent Clara Moskowitz the First National Bank of Mobile, and The Merchants National Bank of Mobile, as Administrators of the Estate of Margaret Cox, deceased, duly excepted and appealed from said judgment, and the cause is now before this Court to review that judgment of the circuit court, in sustaining said demurrers and in decreeing that Clara Moskowitz was entitled to have the aforesaid sum of money.

The demurrer of the respondent Clara Moskowitz to the answer and claim of appellants as originally filed and as amended, rests wholly on the contention that the appellants, who were claimants in the separate and independent suit of Rosa Lartigue, as Plaintiff, v. Warren F. Burch, by consenting that a judgment might be rendered in said court in favor of the said Rosa Lartigue for a part of the money in the hands of the said Warren F. Burch, as garnishee, have estopped themselves from claiming the money remaining in the hands of the said Warren F. Burch.

It is shown by the pleading in the instant proceedings, direct averment or by the exhibits attached to the pleading, that Rosa Lartigue had recovered a judgment against Mrs. Clara Moskowitz; that the sum of $5,040 concealed in the Moskowitz home was found by Warren F. Burch, as Chief of Police of the City of Mobile, acting under a search warrant issued by the Judge D. H. Edington, Recorder of the City of Mobile; that said money was found in several packages, primarily of large bills rolled together; that as soon as said money was found, the said Rosa Lartigue sued out a garnishment against the said Warren F. Burch as such official, and the appellants filed their claim and contested with the said Rosa Lartigue her right to apply said money to the satisfaction of her judgment against the respondent Clara Moskowitz. It is shown that the said Clara Moskowitz, though notified of said proceedings, failed to enter any appearance therein. On the trial of the issues made up between the said Rosa Lartigue and the appellants, the jury decided in favor of the said Rosa Lartigue. This judgment was reversed by the Supreme Court of Alabama for exclusion of legal evidence affecting the title and ownership of the moneys. Such is made fully to appear from the case of First National Bank of Mobile v. Lartigue, 233 Ala. 670, 173 So. 21. Before the case was again reached for trial on the docket of the circuit court, the appellants consented to a judgment rendered in favor of the said Rosa Lartigue. The insistence of appellants is that the instant proceedings do not involve the money which was involved in the aforesaid litigation, but the balance of several separate rolls of money which were found by the Chief of Police, Warren F. Burch, in the execution of said search warrant.

■ The general rule of estoppel, from many jurisdictions, as to judicial proceedings that may be set up is as follows:

"Where a party with knowledge of the facts assents to or participates in judicial proceedings without objection, he is ordinarily bound by such proceedings as against one who has been misled to his injury by his conduct, especially where the party against whom the estoppel is claimed has accepted benefits or enjoyed rights under the judgment or decree or order rendered therein. However, the general rule applies only to those under some duty to act (Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514) and who acts with knowledge of their rights (Austin v. Jones, 148 Ala. 659, 41 So. 408), and of the facts claimed to create an estoppel.

"And it is also essential that the party claiming the estoppel be misled by the conduct of the party against whom the doctrine is invoked, and in consequence changed his position to his prejudice. And failure to make a defense in a proceeding in which he is not available will not estop the party from making it in a subsequent proceeding in which it is available." 21 C.J., § 224, pp. 1220, 1221. (Parenthesis supplied).

"Persons who are not parties but strangers to the proceedings are in no way affected thereby." 21 C.J. § 224, pp. 1220, 1221.

"In order to estop a party by allegations or admissions in pleadings in a former action or proceeding it is essential that the issues involved should be the

same, and that the allegations or admissions must have been material to the matters adjudicated in the former action. Also there must have been a determination of the prior action, or at least the allegations or admissions must have been acted on by the court in which the pleadings were filed or by the parties claiming the estoppel. There can be no estoppel where the admissions or statements were made through mistake, or without full knowledge of the facts, especially where the facts were within the knowledge of the adverse party; or where there is no actual inconsistency between the averments of the pleadings in the former action and the position taken in the subsequent action. Also the party claiming the estoppel must have been ignorant of the real facts, and, in reliance on the statements or admissions, he must have changed his position and sustained prejudice by reason thereof."

■■ 21 C.J. § 239, pp. 1233, 1234; Tumlin v. Tumlin, 195 Ala. 457, 70 So. 254.

"Conclusions of law. Statements in pleadings in a former suit which are merely an assertion of a conclusion of law upon indisputed facts do not constitute an estoppel. It is for the court to judge what are the legal consequences of the facts stated." 21 C.J. § 239, p. 1234.

"Party claiming benefit of estoppel must have been misled to his detriment by act or conduct of another." Russell v. Soper, 232 Ala. 194, 167 So. 261.

"Nor is there anything of estoppel in the mere act of silence or acquiescence. It is only when such silence or acquiescence becomes the basis, or authority on which another parts with something valuable, or incurs a liability, that the doctrine applies. The doctrine is that in such case, the party is estopped to assert the truth, because its assertion would work a fraud on him whose conduct had been influenced by such silence or acquiescence. Miller v. Hampton, 37 Ala. 342, and authorities cited." Moore & Co. v. Robinson, 62 Ala. 537. Ivy v. Hood, 202 Ala. 121, 79 So. 587; Bromberg v. First National Bank, 235 Ala. 226, 178 So. 48; Mobile Towing & Wrecking Co. v. First Nat. Bank, 201 Ala. 419, 78 So. 797.

■■ It is further the rule of the well-considered authorities, that a wrongdoer cannot avail himself of the common law

remedy of interpleader for his protection. 33 Corpus Juris, § 427; Conley et al. v. Alabama Gold Life Insurance Co., 67 Ala. 472; Coleman v. Chambers, 127 Ala. 615, 29 So. 58. The statute was with the purpose of facilitating the inquiry of ownership between contending parties to possession of property by interpleader at law in a simple and more convenient manner and made provisions for claim suits; Code, §§ 10375–10386; McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761; Cloud v. Dean, 212 Ala. 305, 102 So. 437; Marsh v. Mutual Life Ins. Co., 200 Ala. 438, 76 So. 370; and by bills in the nature of interpleader to guard against double vexation for one liability in a proper case. Alexander City Bank v. Home Ins. Co. of New York, 214 Ala. 544, 108 So. 369; Phillips v. Sipsey Coal Mining Co. et al., 218 Ala. 296, 118 So. 513; Anniston Lumber & Mfg. Co. v. Kirkland, 220 Ala. 148, 124 So. 207; Williams v. American National Ins. Co., 231 Ala. 440, 165 So. 240.

■ The rule is stated by Mr. Chief Justice Brickell in Conley et al. v. Alabama Gold Life Ins. Co., 67 Ala. 472, 475, as follows: "It is not every case in which a party may be liable to double vexation, or in which, by different or separate interests, two or more persons claim of him the same thing, or the same debt or duty, that a court of equity will come to his assistance, and compel the claimants to interplead. (1) The party must show that he stands not only indifferent between the claimants, that he is without interest in the controversy to be waged between them, but it must also appear that (2) he is in the relation of a mere innocent stake-holder, or depository, and that by no act on his part the embarrassment of conflicting claims and the peril of double vexation has been caused. When he stands to either of the parties in the relation of a wrong-doer, or it appears that by his own act or conduct double claims have been caused, he is not innocent, he is not without interest, and the court will not intervene to relieve him from the embarrassment in which he has voluntarily involved himself. Shaw v. Coster, 8 Paige, 339 (35 Am.Dec. 690) Quinn v. Green, 36 N.C. 229 [1 Ired.Eq. 229] (36 Am.Dec. 46); Crawshay v. Thornton, 2 Myln. & Cr. 1; Desborough v. Harris, 5 DeG., M. & G. 439; Cochran v. O'Brien, 2 Jones & La.T. 380; Sublichish v. Russell, 2 L.E.Eq.Cases, 441." (Parenthesis supplied.)

The above is quoted with approval in Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632; and copious notes to a like effect are contained in Equitable Life Ins. Co. v. Johnston, 222 Iowa 687, 269 N.W. 767, 108 A.L.R. 257, 267, et seq., as affecting parties in insurance cases. The common law rule is stated in 4 Pom. Eq., § 1323–1326.

The facts on this phase of the case show that plaintiff (1) was entirely indifferent between the conflicting claims, and (2) asserted no interest in himself in the funds in dispute. 15 R.C.L. p. 226. He instituted the search and seizure in his official capacity only, under a search warrant by his immediate and superior authority, which is not shown to have been void on its face. This fact is shown in the bill of interpleader and respective answers of appellants and claimant. Olmstead v. Thompson, 91 Ala. 130, 8 So. 755.

It is recognized that the statutory remedies of interpleader or claim suits does not oust courts of equity of their jurisdictions to proceed in a proper case by bill of interpleader or bill in the nature thereof. That is, such remedies are merely concurrent and cumulative. 15 R.C.L. p. 235–36, § 18; Coleman v. Chambers, 127 Ala. 615, 29 So. 58; Sovereign Camp, W. O. W. v. Partridge, 221 Ala. 75, 127 So. 505.

A particular and familiar statement of the law of estoppel is that a party who has, with knowledge of the facts, assumed a particular position in a judicial proceeding, is estopped from assuming a position inconsistent therewith to the prejudice of an adverse party in interest. Every case must stand upon and be governed by its own facts, and binds privies in estate. Clark v. Whitfield, 213 Ala. 441, 105 So. 200; Bromberg v. First Nat. Bank, 235 Ala. 226, 178 So. 48.

It is insisted that under the facts pleaded, Clara Moskowitz parted with value, or changed her position, to her injury by appellant's consent for judgment in the claim suit, and that established the superior claim, title or interest in favor of Rosa Lartigue and against Clara Moskowitz. First National Bank v. Lartigue, 233 Ala. 670, 173 So. 21. The right in Rosa Lartigue superior to the possession of Clara Moskowitz rested in the recovery by the former over the latter of a judgment prior to and effective at the time of the seizure of the money concealed in the Moskowitz home, to the extent ascertained in the claim suit. And this applied to all the moneys so seized by the officer—complainant in the interpleader.

We have indicated that it is essential to an estoppel that one party has been induced by the declaration or conduct of another to act or desist from action to the detriment of the other in adverse interest. 10 R.C.L., p. 699; 16 Cyc. p. 734-796; Huntsville Elks' Club v. Garrity-Hahn Bldg. Co., 176 Ala. 128, 57 So. 750; Mobile Towing & Wrecking Co. v. First Nat. Bank of Lakeland, supra; Bromberg v. First Nat. Bank of Mobile, supra, and many authorities cited.

In the case of Boylston v. Rankin & Co., 114 Ala. 408, 21 So. 995, 997, 62 Am.St. Rep. 111, this court said: "The affirmative allegation the statute required the appellees to propound on the trial of the right of property was that the stock was the property of the appellant, and liable to the satisfaction of the execution. Code [of 1886], § 3005. The allegation involved a negation of the claim White asserted, as well as the assertion of title in the appellant, from which resulted liability to the satisfaction of the execution. This was an issue between the appellees and White, to which the appellant was not a party, and on the trial of which he could not have intervened to assert a claim of exemption. The judgment of condemnation rendered on the trial of the issue, was conclusive, as between White and the appellees, that the stock was the property of the appellant, subject or liable to the satisfaction of the execution. But as to the appellant, it had in it no element of conclusiveness, because he was not a party to the suit in which it was rendered, and in no event a bar to a claim of exemption."

And in Farrow v. Sturdivant Bank, 181 Ala. 283, 61 So. 286, 287, Mr. Justice Anderson thus stated the rule here pertinent: " * * * ' "It is a general [rule of] law that if a man, either by words or conduct, has intimated that he assents to an act which has been done, and that he will not offer opposition to it, although it could not have been lawfully done without his consent, and he thereby induces another to do that from which they otherwise might have abstained, he cannot question the legality of the act he had so sanctioned, to the prejudice of those who have so given faith to his words, or to the fair inference to be drawn from his conduct." And

again, "If a party has an interest to prevent an act being done, and acquiesces in it, so as to induce a reasonable belief that he consents to it, and the position of others is altered by their giving credit to his sincerity, he has no more right to challenge the act to their prejudice than he would have had it been by his previous license." The estoppel resting upon the grantors, being free from all fraud, binds their creditors. One claiming under or through another who is bound by an estoppel is affected and bound by it.' Goetter v. Norman, 107 Ala. 585, 19 So. 56; Fields v. Killion, 129 Ala. 373, 29 So. 797. It must be observed that the conduct relied upon as an equitable estoppel must have induced the party relying upon same to act, and which is not shown to have been the case by the present bill."

■ The original claim suit was under the statute. Code, § 8079. Necessary parties were required to come in and did so respond to notice of the garnishment. The court had jurisdiction of the parties and funds (all money seized) obtained by the service of the garnishment. Code, § 8083.

In First Nat. Bank of Mobile et al. v. Lartigue, 233 Ala. 670, 173 So. 21, 23, Mr. Justice Foster observed: "The administrators have title to the personalty, such as was here involved. They must pay the debts and expenses, and what is left, if anything, is distributed to the distributees. There is nothing here stated to show that there will be anything for distribution if that affects the question. No showing was made of any special need of such persons to assist in the trial. So that we think they showed no right to be present, or that the court abused its discretion in not excusing them. McGuff v. State, 88 Ala. 147, 7 So. 35, 16 Am.St.Rep. 25; Riley v. State, 88 Ala. 193, 7 So. 149."

This indicates the court committed no error in sustaining demurrer to their plea and answer setting up their claim of ownership and which was not heard by the court in this case.

In the interpleader at law, on the suggestion of Burch, the stakeholder, the administrators of the Cox Estate appeared and propounded their claim to the $1,040 now in the hands of Warren Burch, the garnishee in this cause. These claimants contest with Rosa Lartigue, the plaintiff, the right to such moneys. The claim was specific as to each package of moneys; and to the effect that it was the property of Margaret Cox, deceased, wrongfully taken from the Cox residence. They averred that it was not the property of said Clara Moskowitz, but the property of these claimants. That is, they claimed all of these moneys in Burch's hands that were taken from the home of Margaret Cox and is "now in the custody of the said Warren F. Burch as garnishee."

Upon this claim issue was made up, as to whether all of said moneys belonged to Mrs. Moskowitz, or whether it was the property of the administrators of the Cox Estate. This issue was tried by a jury, which returned a verdict to the effect that the money belonged to Mrs. Moskowitz. On appeal the judgment was reversed on the grounds, as heretofore stated, that plaintiff having offered certain statements of Mrs. Moskowitz in regard to the source of title, said claimant should have been permitted to offer contradictory statements, and for this refusal on the part of the trial court the cause was reversed and remanded to the trial court for retrial of the issues.

■ Under Sections 8079 and 8080, Code of 1923, in such a case it is necessary, before any judgment be rendered against the garnishee, that the claim suit be determined. That is, that the issue of ownership debtor be found for plaintiff, when the judgment may be rendered against the garnishee; if for contestant, claimant, the garnishee must be discharged. The effect of this statute is that the claim suit must be adjudicated as to one or the other of the claimants before judgment may be rendered against the garnishee. Donald v. Nelson, 95 Ala. 111, 10 So. 317.

■ After reversal of this cause, the claimants (appellants here) withdrew their demand for a jury trial, and consented in open court that plaintiff have judgment against the garnishee for the amount of Mrs. Lartigue's judgment with interest and for the further sum representing the costs accrued in connection with that proceeding. That is, consented to judgment against the garnishee. It is insisted that in legal effect, the administrators withdrew their claim so the court could enter judgment against the garnishee,—consented that this issue be treated as found for the plaintiff, without which no such judg-

ment could be rendered against the garnishee.

Hence the question here before us is not whether a part of the money in question belonged to Mrs. Moskowitz, but the judicial determination of the claim-suit involving the entire fund in favor of the plaintiff and so in favor of Mrs. Moskowitz, in whose right the plaintiff claimed. The question is for a final disposition of the claim-suit and issues involved, since such issues may not be tried piece-meal.

As confirmatory of the foregoing, it is insisted, that if judgment had been in favor of the claimant at law, there would be no question under such judgment that title to the property was in claimant Moskowitz, which would have been binding upon and would have estopped not only plaintiff but garnishee and defendant from thereafter claiming that title was in the defendant, contrary to such judgment. If the defendant was thus estopped by this judgment quasi in rem, the claimant would likewise be estopped on the principle that such estoppels must be mutual. Crowson v. Cody, 215 Ala. 150, 110 So. 46.

If such a judgment is binding in favor of the garnishee against the claimant, then it must be mutually binding in favor of the claimant against the garnishee on the same principle. That it is binding in favor of the garnishee against the claimant, though the garnishee is not a party to the claim-suit itself, is perfectly clear, so that it is not true that this judgment quasi in rem is only binding as between the plaintiff and the claimant. Being quasi in rem it is mutually binding on all four parties in interest. This is illustrated by the case of Southern Ry. Co. v. Funke, 152 Ala. 513, 44 So. 397, where the garnishee suggested a claimant for the fund garnished and the claimant after service of notice to come in and contest the right to the funds admitted to be in the hands of the garnishee, appeared and secured a continuance of the proceeding, but never actively pursued or litigated his claim, in consequence of which the money was condemned and paid over to the plaintiff. The claimant thereafter sued the garnishee and the garnishee set up said proceedings "by way of res adjudicata or estoppel" against said claimant-plaintiff. The court held that the claimant was estopped by the former adjudication and held that he could not be permitted to try his alleged rights

in another action; he should have availed himself of the opportunity offered; and the judgment rendered by the court concluded him, unless on appeal, or proceeding in that nature, the judgment was avoided.

That a judgment by consent is just as effective and entitled to as much dignity as a judgment after full litigation, see Adler v. Van Kirk Land & Construction Co., 114 Ala. 551, 21 So. 490, 62 Am. St.Rep. 133, and Gunter v. Hinson, 161 Ala. 536, 50 So. 86.

In 33 Corpus Juris, Section 30, p. 447, it is stated: "If the stakeholder suffers one of the claimants to take judgment against him, his liability has been adjudicated and he cannot compel the judgment creditor and other claimants of the fund to interplead."

It results from the foregoing decisions that the pleas of res adjudicata and insistence of Clara Moskowitz precluded the instant claim of appellant banks.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.