Mrs. Vesta G. JOHNSTON, Appellant,

v.

Calvin S. BYRD and Ray D. Bridges, Appellees.

No. 22007.

United States Court of Appeals Fifth Circuit.

Dec. 13, 1965.

Ben H. Walley, Leakesville, Miss., William Grayson, Mobile, Ala., for appellant.

Leon G. Duke (on the brief) Allan R. Cameron, Mobile, Ala., for appellees.

Before TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.

PER CURIAM:

The sole question presented by this appeal is whether the United States District Court for the Southern District of Alabama erred in dismissing the appellant's complaint for want of subject-matter jurisdiction or, more specifically, whether this is a suit "arising under" the Constitution and laws of the United States as required by 28 U.S.C.A. § 1331.

Appellee Byrd obtained a civil judgment in an Alabama court against appellant's husband in the amount of some $31,000. The appellant alleges that personal property claimed by her and valued in excess of $10,000.00 was seized and advertised for sale by co-appellee, Ray D. Bridges, Sheriff of Mobile County, under a writ of Fieri Facias. As a result she claims that she was thereby rendered a literal bankrupt and unable to contest the seizure pursuant to Title 7, Section 1168 of the Alabama Code, 1940, which requires the posting of a bond not to exceed double the value of the property.

Appellant further alleges that her husband, J. B. Johnston, defendant in the civil suit has prayed for an appeal to the Supreme Court of Alabama from the judgment rendered against him but that he is unable to make a supersedeas bond pending the appeal. The complaint fails to allege that the plaintiff sought any relief in the Circuit Court of Mobile County, Alabama, that she informed the Sheriff of her claim to the property or otherwise sought to bring to the attention of the court, the Sheriff or anyone else connected with the proceedings, her claim of interest or ownership in the property. The Alabama law deals with remedies after the issuance of writs by Alabama courts pursuant to which there is a levy on personal property. In such case a person who is not a party to the writ but who claims to own title or a lien paramount to the title or interest in the property of the defendant in the state court writ may try title to such property before a sale by complying with the statute and " * * * executing bond with two good and sufficient sureties payable to the plaintiff in double the value of the property levied on and claimed * * * but in no case more than double the amount of the writ levied * * * *"

Appellant sought an injunction prohibiting the sale and money damages for wrongful seizure. She alleged jurisdic-

tion under 28 U.S.C.A. § 1331,[1] claiming that the Alabama law violates her rights to due process and equal protection as guaranteed by the Fifth and Fourteenth Amendments by requiring her to post the bond. The District Court granted appellee's motion to dismiss for want of subject-matter jurisdiction.

■■ Essentially, this case presents a contest as to who owns the title to certain personal property located within the State of Alabama. State law determines that question, not federal law. A question of federal law is often "lurking in the background" of every case. In order to invoke the jurisdiction of a federal court there must be "a substantial claim founded 'directly' upon federal law." Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Pierre v. Jordan, (9 Cir. 1964) 333 F.2d 951; 2 Moore, Federal Practice ¶8.09 [1], at 1648 (2nd ed. 1964); Wright, Federal Courts § 17 (1963).

■ Any federal questions sought to be raised by the complaint are purely incidental to the efforts of the plaintiff to enjoin a Sheriff's sale pursuant to a state writ and to recover a money judgment in the federal court.

The judgment of the District Court is affirmed.

RIVES, Circuit Judge (concurring specially):

The Alabama statute providing a right of trial as to personal property levied on under execution but claimed by a third person requires the execution of an affidavit and bond by the claimant, but also confers upon the claimant the right to have the property levied on delivered into his possession and casts upon the plaintiff in execution the burden of proof as to whether the property claimed is the property of the defendant in the writ and is liable to its satisfaction. Code of Alabama 1940, Tit. 7, sections 1168 and 1169. As is true generally,[1] this statutory proceeding is supplementary or cumulative and the claimant may also resort to his ordinary remedies by a separate action at law in trespass, trover or detinue, or by suit in equity.[2]

To accord to the claimant the benefits of obtaining possession of the property, and of casting the burden of proof on the plaintiff in execution, and to avoid unnecessary or frivolous delays in the enforcement of lawful process, it is entirely reasonable for the statute to require a bond from the claimant. To claim that the requirements of a bond to maintain the statutory proceeding and the appellant's inability to make that bond, deprive the appellant of her property without due process of law or deny her the equal protection of the laws does not, in my opinion, give rise to a substantial controversy as to the effect or construction of the Constitution, and is no more than a colorable attempt to give jurisdiction to the federal court.[3] I, therefore, concur in the judgment of affirmance.

1. 28 U.S.C.A. § 1331(a)
   "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

1. See 33 C.J.S. Executions §§ 168, 169.

2. Lassiter v. State, 1895, 106 Ala. 292, 17 So. 725, 726; First National Bank of Mobile v. Burch, 1939, 237 Ala. 680, 188 So. 859, 865.

3. That a substantial controversy is required, see cases collected in footnote 36 to 28 U.S.C.A. § 1331.