# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2010

Lyle W. Cayce
Clerk

No.10-50025
Summary Calendar

RAYMOND J. FIERRO,

Plaintiff-Appellant

v.

JACK ROBISON; ERNEST WAYNE FLORES; DIB WALDRIP; KATHY H. FAULKNER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CV-980

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Raymond J. Fierro, Texas prisoner # 1295462, appeals the dismissal of his "complaint" in federal common law against the trial judge in his criminal trial, the district attorney, the court reporter, and the clerk of court. He alleged that the state officials falsified the appellate record in his conviction for three counts of injury to a child in violation of First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments, as well as 18 U.S.C. §§ 1001 and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50025

1018. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and § 1915A(b)(1) insofar as it was a 42 U.S.C. § 1983 civil rights action and alternatively pursuant to 28 U.S.C. § 2244(b)(3)(A) as unauthorized successive 28 U.S.C. § 2254 application. Fierro has filed a motion for leave to proceed in forma pauperis (IFP) on appeal, challenging the district court's denial of IFP status and certification that his appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 1915(a)(3); FED. R. APP. P. 24(a)(3).

Fierro insists that his "complaint" does not arise under § 1983 or § 2254 but rather is a "jury trial demand complaint" in which he demands "his inviolate Seventh Amendment right based on the criminal version of § 1983 which is Title 18 U.S.C. § 240, 241." Federal courts are courts of limited jurisdiction. *United States v. Hazelwood*, 526 F.3d 862, 863 (5th Cir. 2008). Fierro's invocation of constitutional amendments are directed at his efforts to have the results of his application for state and federal habeas relief invalidated by the alleged negligence/criminality of these state officers. The Seventh Amendment question he raises in his complaint is purely incidental to those efforts and does not provide a basis for subject matter jurisdiction. *See Johnston v. Byrd*, 354 F.3d 982, 984 (5th Cir. 1965).

Fierro's claim that his complaint arises under the "criminal version of § 1983" and cites 18 U.S.C. § 241 (which criminalizes conspiracy against the free exercise of a constitutional right), is unavailing. The criminal statutes on which Fierro relies do not supply a private cause of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975).

Fierro's appeal is without merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.