J. DeWitt BOWMAN, Appellant,

v.

Ben WHITE, Appellee.

J. DeWitt BOWMAN, Appellant,

v.

FIRST NATIONAL BANK OF HARRISONBURG, Luther Wright and Leon Wright, Harrisonburg Loan and Thrift Co., Inc., K. L. Chapman, Jr., J. Leicester Watts and Combined Insurance Company of America, Appellees.

Nos. 11396, 11510.

United States Court of Appeals Fourth Circuit.

Argued Nov. 10, 1967.

Decided Jan. 8, 1968.

J. DeWitt Bowman, pro se.

Robert S. Irons, Asst. U. S. Atty., for appellee Ben White.

Henry C. Clark, Harrisonburg, Va., and Jack B. Russell, Richmond, Va., (W. W. Wharton, Harrisonburg, Va., and Wayt B. Timberlake, Jr., Staunton, Va., on brief) for appellees First Nat. Bank of Harrisonburg and others.

Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and WOODROW W. JONES, District Judge.

WOODROW WILSON JONES, District Judge:

As the facts in these cases, i. e. Nos. 11,396 and 11,510 were set forth in the same complaint and are so interwoven that the cases were briefed and argued together, this court has therefore consolidated them for decision.

On February 7, 1966, appellant, J. DeWitt Bowman, a Virginia dairy farmer, representing himself, filed a Complaint in the Western District of Virginia against First National Bank of Harrisonburg, Virginia, Luther Wright, Leon Wright, Harrisonburg Loan & Thrift Company, Inc., Ben White, K. L. Chapman, Sr., J. Leicester Watts, and Combined Insurance Company of America, containing a great volume of allegations suggesting breach of contract, personal injuries, conspiracy, and fraud, and seeking damages totaling $200,000. He alleges that on or about February 10, 1961, he purchased hay from the defendants Luther and Leon Wright and that while loading said hay on a truck, they recklessly, carelessly and negligently threw a bale upon and against appellant's knee resulting in permanent injury; that their liability insurance carrier failed to compensate him adequately for said injury and that he is therefore entitled to judgment against them for $24,865. He further alleges that his insurance carrier, the defendant Combined Insurance Company of America, failed to comply with the terms of its accident policy to adequately compensate him for this injury.

Appellant charges that the defendants, Luther and Leon Wright, Harrisonburg Loan & Thrift Company, Inc., and K. L. Chapman, Sr., conspired to force him into involuntary bankruptcy so that they obtained certain prior payments, settlements and preferential rights; and that said defendants wrongfully complained to the local office of Farmers Home Administration about their alleged indebtedness and thereby prevented appellant from obtaining a loan from said government agency. He contends that Luther and Leon Wright wrongfully obtained confidential and privileged information from the defendant First National Bank of Harrisonburg, Virginia, concerning his bank account and as a result thereof they extorted from him by fear and intimidation an additional payment for the hay purchased.

Appellant further alleges that the defendant, Ben White, County Supervisor of Farmers Home Administration, a government agency, wrongfully transmitted "highly confidential and privileged information" to the defendants, Luther and Leon Wright, Harrisonburg Loan & Thrift Company, Inc. and K. L. Chapman, Sr., when he advised them that appellant's application for a loan would be denied, thereby causing Harrisonburg Loan & Thrift Company, Inc. to bring

legal proceedings against him to attach his milk check, and to levy upon his other property. He contends the acts on the part of these defendants destroyed his dairy operation and rendered him helpless against the involuntary bankruptcy proceedings which were instituted against him. He also charges that the defendant, J. Leicester Watts, his attorney in the bankruptcy action, was negligent in the handling of his legal affairs in said proceeding.

These cases are before this court for review of the District Judge's action in dismissing Case #11,396 upon the motion of the defendant, Ben White, for summary judgment, and Case #11,510 for lack of Federal jurisdiction. Three issues are presented for review by this Court, namely:

1. Did the District Court err in granting the motion for summary judgment as to the defendant, Ben White?

2. Did the Federal District Court have jurisdiction of the claim against defendants, First National Bank of Harrisonburg, Virginia, Luther Wright, Leon Wright, Harrisonburg Loan & Thrift Company, Inc., K. L. Chapman, Sr., J. Leicester Watts, and Combined Insurance Company of America?

3. Did the District Court properly exercise its discretion in refusing to appoint counsel for plaintiff in the circumstances of this case?

The court will first consider the motion for summary judgment as to the defendant, Ben White.

Rule 56 of Federal Rules of Civil Procedure requires summary judgment for the defending party if the pleadings, depositions, answer to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Appellant's action against the defendant, Ben White, is founded upon the alleged facts that while acting in the capacity as County Supervisor of Farmers Home Administration, an agency of the Federal government, White did wrongfully transmit to defendants, Harrisonburg Loan & Thrift Company, Inc., Luther Wright, Leon Wright, and K. L. Chapman, Sr., information to the effect that appellant's application for a loan would be denied and that such information was highly confidential and privileged. In an affidavit filed with the court, the defendant, Ben White, set forth that he was serving as County Supervisor of Farmers Home Administration at the time alleged in the complaint and that he did reply to an inquiry made by the defendants in which he advised that appellant's application for a loan would be denied and that this was standard procedure governing the relations between Farmers Home Administration, local lending institutions, and creditors. E. C. Compton, State Director of Farmers Home Administration, set forth in an affidavit that all of White's actions respecting the Bowman loan were regular and in accord with the Farmers Home Administration's standard procedure. Both White and Compton set forth in their affidavits that all of White's actions were performed within the scope of his official authority and duty as County Supervisor for the Farmers Home Administration.

The record shows that the District Judge found as a fact that the defendant Ben White was acting within his official capacity and pursuant to his official duties in his dealings with the appellant in these cases. Appellant did not bring to the court a single fact substantiating his allegations of misdealings on the part of White. In fact, everything in the record indicates that defendant White's contacts with others in connection with appellant's loan application, were of a legitimate investigatory nature and were necessary to establish whether the appellant should be granted a Farmers Home Administration loan.

 It is a well established principle of law that a public official, acting in his official capacity and in pursuit of his official duties, is immune from suit for damages. The allegations of the

complaint, together with all other pertinent parts of the record bring this case clearly within the doctrine laid down by this court in the case of Holmes v. Eddy, 341 F.2d 477 (4th Cir. 1965), wherein the court said: "Public officers when acting within the scope of their official authority are immune from suits for damages." Jones v. Kennedy, 73 App. D.C. 292, 121 F.2d 40, 42, Cert. Den. 314 U.S. 665, 62 S.Ct. 130, 86 L.Ed. 532 (1941); Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Gregoire v. Biddle, 177 F.2d 579 (2nd Cir.) Cert. Den. 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950).

It is clear from this record that there can be no genuine issue as to any material fact since, as a matter of law, the defendant Ben White, acting in his official capacity and in pursuit of his official duties, is immune from suit for damages and, therefore, the motion for summary judgment was properly granted. Holmes v. Eddy, supra.

 The second question presented for consideration is whether the Federal District Court had jurisdiction in Case #11,510. The Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress. The burden is on the party asserting the jurisdiction of the court to show that jurisdiction does, in fact, exist. McNutt v. General Motors Acceptance Corporation, 290 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935). Furthermore, the complaint must state on its face the grounds for its jurisdiction. Gold Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656 (1887). These rules are applicable to diversity as well as to the "Federal question" jurisdiction of the District Courts. Federal Rules of Civil Procedure, § 8(a). Apparently, appellant did not attempt to invoke the diversity jurisdiction of this court. He cannot do so since the appellant and all of the appellees, except one, are citizens of the State of Virginia. Under these circumstances there can be no complete diversity. Strawbridge v.

Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806).

 Appellant attempts to invoke the "Federal question" jurisdiction of this court by alleging that "jurisdiction is acquired pursuant to 11 U.S.C. § 42, as amended, governing bankruptcy proceedings," but that section is completely inappropriate to this case since it provides for a jury trial in respect to the question of insolvency in an involuntary bankruptcy proceeding. There is no logical relation between appellant's case and the Federal statute on which he bases his jurisdictional assertion. To be applicable, the Federal statute must bear on the matter at issue. As Mr. Justice Cardozo said in Gully v. First National Bank, 299 U.S. 109, at page 112, 57 S.Ct. 96, at page 97, 81 L.Ed. 70 (1936): "To bring a case within the statute a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action".

 The appellant in motions filed September 16 and 27, 1966, raised for the first time in this case, a potential constitutional issue in that he alleges a denial of due process of law in the bankruptcy proceeding. He also moved that the bankruptcy case, which was concluded in 1964, be consolidated with this case. The District Judge in an able opinion, stated: "This conclusory allegation arising so late in the history of this litigation and to this date unsubstantiated by a single allegation of fact, I find to be a mere matter of form inserted for the purpose of stating a federal question. As such, it may not be the basis of this court's jurisdiction. Gully v. First National Bank, supra." We agree with this conclusion.

 The fact that the District Court had jurisdiction over the defendant, Ben White, and the cause of action alleged against him will not affect its lack of jurisdiction over the other defendants and the subject matter of that action. A federal court does not have jurisdiction over a separate and non-

federal cause of action merely because it is joined with a federal cause of action. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

The District Court was correct when the action was dismissed as to the defendants, First National Bank of Harrisonburg, Luther Wright, Leon Wright, Harrisonburg Loan & Thrift Company, Inc., K. L. Chapman, Sr., J. Leicester Watts, and Combined Insurance Company of America, for lack of subject matter jurisdiction.

The final issue involved here is whether the District Court properly exercised its discretion in refusing to appoint counsel for the appellant in the circumstances of this case.

28 U.S.C.A. § 1915(d) provides that: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

While this section, by its terms, authorizes the court to request an attorney to represent an indigent in a civil action, it is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the District Court. It is a privilege and not a right. United States ex rel. Gardner v. Madden, 352 F.2d 792 (9th Cir. 1965); Moss v. Thomas, 299 F.2d 729 (6th Cir. 1962); Spears v. United States, 266 F.Supp. 22 (S.D.W.Va.1967). This statute is merely descriptive of the court's inherent power, and makes such request discretionary on the part of the court but does not grant a statutory right to an individual to have counsel appointed in a civil action.

We believe the District Court properly exercised its discretion in refusing to appoint counsel for the appellant in this case.

The Court has been most careful in its examination of the entire record in this matter, and it appears that the Trial Judge was both patient and indulgent with the appellant in allowing continuances, amendments to the pleadings, and

in giving him every opportunity to present his grievances to the court. We think Mr. Bowman had his day in court and the District Court was correct in dismissing both actions.

The appeal in each of the cases is without merit and accordingly the judgment of the District Court will be affirmed.

Affirmed.