**CABANA MANAGEMENT, INC.,**
**Plaintiff-Appellant,**

v.

**HYATT CORPORATION, Defendant-**
**Appellee.**

No. 29474.

United States Court of Appeals,
Fifth Circuit.

March 31, 1971.

Rehearing Denied May 11, 1971.

See also 5 Cir., 441 F.2d 865.

Jay M. Vogelson, William VanDercreek, Paul H. Stanford, Dallas, Tex., for plaintiff-appellant.

D. Marshall Simmons, Thomas W. Luce, III, Jenkens, Spradley & Gilchrist, Dallas, Tex., for defendant-appellee.

Before JONES, GEWIN and CLARK, Circuit Judges.

GEWIN, Circuit Judge.

Appellant Cabana Management, Inc. (Cabana Management) instituted the present suit against Hyatt Corporation (Hyatt) alleging fraud and conspiracy to defraud. Cabana Management was an unsecured creditor of the Dallas Ca-

bana Hotel (Cabana Hotel) for an alleged amount in excess of one million dollars. Hyatt Corporation purchased the Hotel pursuant to orders of the bankruptcy court. The complaint alleged that Hyatt and others conspired to have the Hotel adjudged bankrupt in order to acquire the Hotel for substantially less than its fair market value and to avoid the claims and indebtedness owed to Cabana Management.

The United States District Court for the Northern District of Texas dismissed the complaint for lack of jurisdiction, and this appeal is from the order of dismissal. Because we find no federal question which would give rise to federal jurisdiction under 28 U.S.C. § 1331,[1] we affirm the order of dismissal.

Appellant's action against Hyatt is founded upon a dispute which arose in 1968 between Cabana Management and a group of investors led by Doris Day Melcher and Terrence P. Melcher (herein, the Melcher group) over the ownership and operation of the Cabana Hotel. On November 22, 1968, the Melcher group purportedly held a combined stockholders and directors meeting and elected a new board of directors for the Hotel. This new board of directors authorized the filing of a Chapter XI reorganization petition in the United States District Court for the Northern District of Texas. On November 25, 1968, the Cabana Management group, acting independently and without consulting the Melcher group, filed a petition on behalf of the Cabana Hotel to institute Chapter XI reorganization proceedings in the same court. Two days later on November 27, 1968, the Melcher group, also purportedly acting on behalf of the Hotel, filed a petition to proceed under Chapter XI. Each group asserted that it alone had the exclusive

right to act for the Bankrupt and emphatically denied the authority of the other group to act.

In order to resolve these conflicting claims, counsel for Cabana Management filed in the Bankruptcy Court a "Petition for Review of Court's Order" and asserted that the Bankrupt, Dallas Cabana Hotel, was the only record title holder of the real property on which the Hotel was situated, but that legal title was being held in trust for various members of a joint venture which included Cabana Management. In response, the Melcher group filed an Application for a Show Cause Order seeking to quiet title to the property. Following the Show Cause Application, the Bankruptcy Court ordered all parties concerned to file written answers showing why the Application should not be granted, and set a hearing date on the application.

In the meantime the parties sought to prepare a plan of reorganization acceptable to both sides. After much fruitless deliberation between the parties, the Referee finally concluded that because of the conflict between Cabana Management and the Melcher group no plan of arrangement could be presented that would be confirmed by the competing parties, and that it would therefore be in the best interests of the creditors for the Cabana Hotel to be adjudicated a bankrupt. Thereupon Dallas Cabana Hotel was adjudicated a bankrupt.

The hearing on the Melcher group's application for an order quieting title began on May 19, 1969. After three days of hearing, during which the court considered the pleadings, the evidence, and the arguments of counsel, the Bankruptcy Court found that the bankrupt Hotel and its trustee had good, indefeasible and merchantable fee simple title to the Hotel. In addition, the court found Cabana Management to be es-

---

1. Section 1331 provides:

    The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interests and cost, and arises under the Constitution, laws or treaties of the United States.

    The complaint also alleged jurisdiction on the ground of diversity, but the appellant concedes on this appeal that diversity jurisdiction is not present.

topped from asserting any equitable or beneficial interests in the Hotel and ruled that any rights of Cabana Management were inferior to the rights of the trustee in bankruptcy under Section 70 (c) of the Bankruptcy Act.

On May 28, 1969, the Bankruptcy Court entered an Order of Sale of the Hotel subject to confirmation. On June 24, 1969, the trustee sold the Hotel to the President of Hyatt Corporation for $4,350,000, plus a contingent amount of $150,000 depending upon the profitability of the hotel operation. After a hearing upon confirmation, the sale was confirmed by order of the Bankruptcy Court on June 24, 1969. Thereafter, Cabana Management filed this suit alleging that Hyatt Corporation and others "planned and conspired * * * for the purpose of improperly acquiring the Dallas Cabana Hotel for substantially less than its value to the detriment and fraud of the Hotel's creditors."

■ The question of when a suit arises under the Constitution and laws of the United States, must be resolved in accordance with general principles which are well defined in our jurisprudence. To confer original jurisdiction on the federal courts under 28 U.S.C.A. § 1331 (general federal question) there must be a substantial claim founded directly upon federal law.[2] To be substantial the claim asserted must be such that it will be supported if the Constitution and the laws of the United States are given one construction, and defeated if they receive another.[3] A

corollary of this doctrine is that when the controversy between the parties may be decided under local law without the necessity of interpreting a federal statute, there is no federal jurisdiction.

Clearly, the gravamen of the appellant's suit is an alleged conspiracy to defraud creditors and to destroy contractual rights. The right to recover on these allegations is governed by the state law which creates the action, not federal law. The fact that the cause of action was partially accomplished by an alleged plan involving the federal bankruptcy law is incidental to the central thrust of the action. As the Supreme Court observed in Shulthis v. McDougal,[4] a question of federal law often lurks in the background of a case, but this alone does not confer jurisdiction upon the federal courts:

A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends.[5]

Cabana Management insists that it is necessary for the court to decide whether it can recover for various violations of the bankruptcy law and for abuse of the bankruptcy forum as part of a conspiracy to defraud. Yet Cabana Management never so much as intimates an actual violation by Hyatt of any provi-

2. Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916); Johnston v. Byrd, 354 F.2d 982, 983 (5th Cir. 1965); International Ass'n of Machinists, A. F. L.–C. I. O. v. Central Airlines, Inc., 295 F.2d 209, 216 (5th Cir. 1961) rev'd on other grounds, 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67.

3. Gully v. First National Bank in Meridian, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). In general see: Mishkin,

The Federal "Question" in the District Courts, 53 Colum.L.Rev. 167 (1953); Annot. 14 A.L.R.2d 992, 1003 (1950).

4. 225 U.S. 561, 32 S.Ct. 704. 56 L.Ed. 1205 (1912).

5. Id. at 579, 32 S.Ct. at 706. See also Judge Wisdom's well considered opinion, International Ass'n of Machinists, A. F. L.–C. I. O. v. Central Airlines, Inc., 295 F.2d 209 (5th Cir. 1961) wherein at page 216 he noted: "A mere reference to a federal act and an assertion that Section 1331 applies are not sufficient to show that the case arises under federal law."

sion of the Bankruptcy Act. When a similar complaint was before the Fourth Circuit in Bowman v. White,[6] the court found that the bankruptcy allegation was merely a matter of form and was asserted only for the purpose of attempting to state a federal question. The court concluded that such an allegation could not be used as a basis to predicate federal jurisdiction, and observed:

> Appellant attempts to invoke the "Federal question" jurisdiction of this court by alleging that "jurisdiction is acquired pursuant to 11 U.S.C. § 42, as amended, governing bankruptcy proceedings," but that section is completely inappropriate to this case * *. There is no logical relation between appellant's case and the Federal statute on which he bases his jurisdictional assertion. To be applicable, the Federal statute must bear on the matter at issue.[7]

Cabana Management fails to satisfy the prerequisites for general federal question jurisdiction, as outlined in the above cases. Close analysis of the appellant's complaint clearly indicates that what is essentially involved in this case is an alleged conspiracy to defraud creditors and to destroy contractual rights, and that the rights of the parties may be decided without the necessity of resorting to the interpretation of any law of the United States. The allegation that the cause of action was partially accomplished by an alleged plan involving the federal bankruptcy law is incidental to the gravamen of the action, and in no way changes the nature of the action.[8]

In view of the foregoing, this court finds that the complaint does not set forth a substantial federal question and therefore, the order of the district court dismissing the complaint is affirmed.[9]

---

6. 388 F.2d 756 (4th Cir. 1968).

7. Id. at 760. Compare Bowman v. White, 388 F.2d 756 (4th Cir. 1968), with Odum v. National Carbon, Inc., 21 F.Supp. 382 (E.D.N.Y.1937). See: Viles v. Symes, 129 F.2d 828, 830 (10th Cir. 1942).

8. Cf. Creel v. City of Atlanta, Georgia, 399 F.2d 777 (5th Cir. 1968); Johnston v. Byrd, 354 F.2d 982 (5th Cir. 1965); Stanturf v. Sipes, 335 F.2d 224, 228 (8th Cir. 1964).

9. The district court also held that the complaint should be dismissed because it shows on its face that the plaintiff (appellant) is attempting to collaterally attack orders of the Bankruptcy Court in a case presently pending on review before the district court, and that such orders could only be challenged by direct attack. In view of our conclusion we do not reach that issue.