Max **SITTENFELD** et al., t/a Judiciary
Square Associates, Appellants,

v.

Walter N. **TOBRINER,** Commissioner of
the District of Columbia, et al.

No. 24188.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 1, 1971.

Decided Dec. 30, 1971.

Amended Jan. 28, 1972.

Mr. Julian H. Singman, Washington,
D. C., with whom Mr. Stephen M. Nas-
sau, Washington, D. C., was on the

brief, for appellants. Mr. B. Michael Rauh, Washington, D. C., also entered an appearance for appellants.

Mr. Ted D. Kuemmerling, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. C. Francis Murphy, Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellees.

Before WRIGHT and TAMM, Circuit Judges, and FRANK M. JOHNSON, Jr.,* Chief Judge, United States District Court for the Middle District of Alabama.

JOHNSON, District Judge:

Appellants own approximately one-tenth of a city block located in Square 532 in Washington, D.C. In 1958 this parcel, along with the remainder of the block, was part of a twenty-block area in northwest Washington which was zoned S–P. This classification allows the construction of certain types of office and apartment buildings and controlled parking areas. On October 10, 1966, appellants filed with the Zoning Commission of the District of Columbia an application for change of the classification of their property from S–P to C–3–B. Zoning classification C–3–B authorizes the construction of office buildings, retail centers, large-scale business activities, and commercial amusements. The gravamen of the application was that past and imminent changes since 1958 in the neighborhood of appellants' property, including the proposed construction of a subway station and a freeway, compelled the rezoning of the parcel. The Commission denied the application on November 1, 1966.

Appellants filed another application on January 30, 1967, for a change in zoning of their property to C–3–B, urging essentially the same justifications as in their previous application. Appellants allege that the Commission sought the advice of the National Capital Planning Commission which recommended

that the application be denied and that the land be acquired by the government for use as a District of Columbia or federal office building site. These uses were not permitted by the existing S–P classification but were permissible under C–3–B. On August 22, 1967, this application was also denied.

Subsequently, on October 19, 1967, appellants filed a civil action in the United States District Court for the District of Columbia alleging that the Zoning Commission had acted arbitrarily, capriciously, and unreasonably in denying the modification applications. They asserted that their applications were not denied upon their merits but were rejected solely for the purpose of depressing the value of their property in anticipation of the condemnation by the United States of all the property in Square 532. The appellants sought a mandatory injunction compelling the Commission to rezone the property to C–3–B. After appellees' answer the United States did in fact seek condemnation of certain land, including that of appellants. The declaration of taking was filed on January 17, 1968.

Trial in the condemnation action was scheduled to begin on May 5, 1969. Pretrial in the previously filed zoning suit was scheduled for the following day. Appellants sought to sever and continue the consideration of the condemnation of their parcel from the May 5 trial until after the trial of the zoning action in order that the land might be valued subsequent to a determination of the propriety of the Zoning Commission's actions. After the trial court denied the motion for severance on May 1, 1969, appellants settled with the United States as to the value of the property in the classification S–P in the amount of $940,836.00, thus ending the condemnation proceeding.

It is the appellants' contention that this Court's decision in Nash v. District of Columbia Redevelopment Land Agency, 129 U.S.App.D.C. 348, 395 F.2d 571

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

(1967), cert. denied, 393 U.S. 844, 89 S. Ct. 127, 21 L.Ed.2d 115 (1968), compelled them to settle with the government concerning the value of the land as zoned S–P. They characterize *Nash* as holding that when there is a challenge to the zoning classification concurrent with a proceeding for public condemnation of the land, the two cases are not to be heard jointly. Thus prevented from raising at the condemnation hearing the question of the Commission's arbitrariness, so appellants argue, they had no alternative but to seek amendment of the Commission's zoning action.

Arguing that since they no longer owned the land and that it was the arbitrary and capricious action of the Commission which resulted in the property being valued at the lower classification, the appellants moved to amend their complaint in the zoning action. They sought to remove from the prayer for relief the request for an injunction compelling the change in classification and to substitute a claim for monetary damages against the Zoning Commission. The district court denied this motion and instead granted appellees' motion to dismiss the case as moot. This appeal is from the denial of the motion for amendment and from the dismissal of the zoning case.

Appellants' proposed amendment seeks a monetary recovery from the Zoning Commission amounting to the difference between the value which appellants allege that the land would have had if it had been zoned C–3–B and the amount for which appellants settled with the government in classification S–P. According to appellants this differential amounts to $560,000.00. Despite their protestations to the contrary, it is clear to the Court that appellants had the opportunity at the condemnation proceeding to achieve the relief they presently seek.

■ The Fifth Amendment provides that private property shall not be taken for public use without just compensation, which means the full mone-

tary equivalent of the property taken. United States v. Reynolds, 397 U.S. 14, 15–16, 90 S.Ct. 803, 25 L.Ed.2d 12 (1970). The owner is to be placed in the same position monetarily as he would have occupied had his property not been taken. *Id.*

■ Thus, it would have been appropriate for appellants, had they proceeded with the condemnation hearing rather than settling, to have introduced evidence tending to establish just compensation. We have no doubt that such proof could have properly included evidence of a reasonable probability of rezoning. Had appellants chosen to do so, they could have propounded the alleged indicia of change within the vicinity of their property which would have warranted a zoning modification. While *Nash* would have prevented appellants from presenting evidence that the assigned zoning classification was incorrect, and likewise evidence of the Commission's allegedly arbitrary and capricious conduct, that case would not have barred appellants' establishment of the fair market value of the land irrespective of the uses for which the land was zoned. During the argument of appellants' motion to sever their parcel from the condemnation case, the government admitted on several occasions that it would be appropriate for the appellants to put on such proof. Accordingly, this Court concludes that the appellants should have litigated the fair market value of their parcel in Square 532 in the condemnation proceeding, including the introduction of evidence of a probability of rezoning, and thus they have waived the right to such a hearing by virtue of their settlement with the government.

■ Even assuming *arguendo* that an application of *Nash* would have prevented the introduction of the probability of rezoning evidence, appellants would still be faced with the doctrine of immunity. The scope of immunity extended to administrative officials is a concept that is sometimes difficult to apply. Some cas-

es have been decided by the simple assertion that public officials when acting within the scope of their official duties are immune from suits for damages. *See* Sulger v. Pochyla, 397 F.2d 173, 176–177 (9th Cir.), cert. denied, 393 U. S. 981, 89 S.Ct. 451, 21 L.Ed.2d 442 (1968); Bowman v. White, 388 F.2d 756, 759–760 (4th Cir.), cert. denied, 393 U.S. 891, 89 S.Ct. 214, 21 L.Ed.2d 172 (1968). On the other hand, if zoning officials are engaged in a course of conduct that is unconstitutional, the Constitution provides a remedy. The Supreme Court has enunciated certain situations in which immunity is unavailable. These cases suggest the possibility of a common law action for property unlawfully taken, or injunctive actions against an official based on a claim that the officer has exceeded his powers. *See, e. g.,* Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Dugan v. Rank, 372 U.S. 609, 621–622, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Malone v. Bowdoin, 369 U.S. 643, 647, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). Thus, the wisest course in a case such as this is to balance the competing interests between the protection of citizens from arbitrary and unreasonable official conduct and the protection of officials from litigious harassment. *See* Kelley v. Dunne, 344 F.2d 129 (1st Cir. 1965); Norton v. McShane, 332 F. 2d 855 (5th Cir.), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949).

■ Initially, it is important to note that for all that appears from the allegations of the complaint, defendant officials were discharging their official duties in a sincere effort to exercise their discretion so as to serve the people, however mistaken they might have been in their understanding of the public interest. Thus, the question of malice is not a part of this case. The next consideration is that appellants claim damages for the loss of the value of their land rather than for the deprivation of personal liberties or rights. The latter form of injury has been thought important enough to warrant a statutory exception to the immunity of officials; the same cannot be said for appellants' alleged injury. *See* 42 U.S.C. § 1983. In addition, it is clear that appellants had an alternative remedy in presenting proof of a probability of rezoning during the condemnation action. Furthermore, appellants had the opportunity for judicial review, in the form of an injunction or declaratory judgment, for the allegedly arbitrary actions by the zoning officials. Finally, this Court is convinced that, where the decisions of a zoning board may result in the gain or loss of huge sums of money, as, for example, in the commercial context, such officials should be free of the fear of ill-founded and malicious litigation. From the foregoing factors this Court concludes that the members of the Zoning Commission are immune from the damages sought by appellants, even if appellants had not waived their claim by settlement of the condemnation proceeding. *See* Jaffe, Suits Against Governments and Officers: Damage Actions, 77 Harv.L.Rev. 209, 219 (1963).

Accordingly, the judgment is

Affirmed.