### WESTLAND OIL DEVELOPMENT CORPORATION, Plaintiff,

v.

### SUMMIT TRANSPORTATION COMPANY, Davis Oil Company, Armada Petroleum Corporation, Webb Industries, Inc., Thomas M. Hajecate, and J. E. Fisher, Defendants.

#### Civ. A. No. 78–H–1753.

United States District Court,
S. D. Texas,
Houston Division.

Aug. 21, 1979.

Morton L. Susman, Susman & Kessler, William Pannill, Pannill & Hooper, Houston, Tex., for plaintiff.

Edward B. McDonough, Jr., Hirtz & McDonough, Houston, Tex., Charles N. Wooten, Lafayette, La., for defendants.

MEMORANDUM AND ORDER:

NORMAN W. BLACK, District Judge.

Plaintiff filed this action pursuant to 28 U.S.C. § 1331 and § 1337. Defendants J. E. Fisher ("Fisher"), Armada Petroleum Corp. ("Armada"), Webb Industries ("Webb"), and Thomas M. Hajecate ("Hajecate") have answered the Original Complaint. Defendants Fisher, Armada, and Webb have additionally filed a counterclaim which Plaintiff has answered. Defendants Summit Transportation Company ("Summit") and Davis Oil Company ("Davis") have filed a motion to dismiss pursuant to Rule 12(b)(1), Fed.R.

Civ.P. Subsequent to the above filings, Plaintiff requested leave to file an amended complaint, which all Defendants opposed.

## AMENDED COMPLAINT

█ Apparently attempting to invoke the jurisdiction of this Court, Plaintiff has requested leave to file an amended complaint. Defendants Summit and Davis have not filed or served responsive pleadings and, as to them Plaintiff may amend as a matter of course. *Goldlawr, Incorporated v. Shubert,* 169 F.Supp. 677, 689 (E.D.Penn.1958), *aff'd,* 276 F.2d 614 (3rd Cir. 1960); Wright & Miller, *Federal Practice and Procedure,* § 1481 at 407 (1971). The other Defendants have filed responsive pleadings and, as to them, leave to amend is granted.

█ Plaintiff has added several matters to the complaint. However, the amendment alleges no new relevant jurisdictional facts. Plaintiff's attempt to add an allegation of diversity jurisdiction under 28 U.S.C. § 1332 is frivolous on its face. Plaintiff alleges that it is a corporation with offices and a principal place of business in Texas (Amended Complaint, para. 2). Defendants Summit, Armada and Webb are Texas corporations and Defendants Fisher and Hajecate are residents of Texas. (*Id.*). The diversity statute itself provides that corporations are regarded as citizens of both their state of incorporation and their state of principal place of business. Since complete diversity does not exist, there is no diversity jurisdiction. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch.) 267, 2 L.Ed. 435 (1806).

Plaintiff claims that the "rights, obligations and duties of the parties are governed by various federal statutes and regulations including 15 U.S.C. § 751 *et seq.;* 15 U.S.C. § 761 *et seq.;* the Economic Stabilization Act of 1970, as amended; the Defense Production Act of 1950, as amended; and the regulations promulgated thereunder." (Amended Complaint, para. 1). Plaintiff further alleges that the "amount in contro-versy exceeds Ten Thousand Dollars ($10,-000), exclusive of interest and costs." (*Id.*).

The Amended Complaint alleges that Westland Oil Development Corp. ("Westland") "entered into a series of agreements" with Defendant Summit (*Id.*, para. 3), and later with other Defendants (*Id.*, paras. 3–4), under which Westland's condensate would be refined and sold for the account of Westland. Westland contends that Defendants "fraudulently and illegally breached their agreements with Westland by failing to cause the Westland condensate to be processed, thus subjecting Westland to extensive legal liability under the laws and regulations of the United States and loss of profits." (*Id.*, para. 5). Westland further contends that Defendants "caused oil sold by Westland from the Westland Smackover Unit to be resold as 'new' oil", thus exposing Westland to further liability and a possible refund of payments even though it was an innocent bystander. (*Id.*, paras. 6–7). Additionally, Westland claims that Defendants breached a fiduciary obligation they had "as agents of Westland." (*Id.*, para. 8).

## FEDERAL JURISDICTION

Plaintiff asserts that there is "federal question" jurisdiction under 28 U.S.C. §§ 1331 and 1337, because the "rights, obligations and duties of the parties hereto are governed by various federal statutes and regulations . . ." (*Id.*, para. 1). Defendants in their motion to dismiss state that "while it is certainly true that the oil industry, like so many others, is subject to a variety of federal laws and regulations, the plain fact is that resolution of the instant dispute requires no consideration of federal law." Defendants contend that this action involves merely "state common law claims."

In responding to Defendants' motion to dismiss Westland states that its action is based on section 5(a)(1) of the Emergency Petroleum Act of 1973, 15 U.S.C. § 754(a)(1), which incorporates § 210 of the Economic Stabilization Act, 12 U.S.C. § 1904 note. Plaintiff further states that it

is "entitled to prove the existence of jurisdiction by proving his claim."

 Numerous cases make clear that 28 U.S.C. §§ 1331 and 1337 do not provide for federal jurisdiction over what otherwise appear to be state common law claims.[1] In *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 128, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974), the Supreme Court held that federal question jurisdiction was improper where Plaintiff brought an action in *quantum meruit* for the reasonable value of helium it provided to defendant, even though several federal statutes regulated aspects of the transaction and questions of interpretation of those statutes might have arisen in connection with defenses to the action. Lack of federal jurisdiction in the instant case follows *a fortiori* from *Phillips,* since it appears from the face of the complaint that no federal law is an element of either the claim *or* the defense.

Moreover, the Fifth Circuit has held that a state law cannot be converted into a federal law claim by the *mere involvement* of a federal statute. To determine whether the action, in the language of 1331[2] and 1337[3], "arises under" federal law the Court has stated the following:

A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it *really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends.*

*Hines v. Cenla Community Action Committee, Inc.,* 474 F.2d 1052, 1055 (5th Cir. 1973), quoting *Shulthis v. McDougal,* 225 U.S. 561, 569, 32 S.Ct. 704, 56 L.Ed. 1205 (1912) (emphasis added).

In *Cabana Management, Inc. v. Hyatt Corp.,* 441 F.2d 862 (5th Cir. 1971), plaintiffs argued that an alleged conspiracy to defraud creditors and to destroy contractual rights involved the federal bankruptcy laws and, therefore, gave rise to a federal, rather than a state, cause of action. The Court of Appeals rejected this argument finding that federal law was "incidental" to the complaint and that it "in no way change[d] the nature of the action." *Id.* at 865. Thus it affirmed the district court's dismissal of the action for want of a substantial federal question. *Accord, Hines v. Cenla Community Action Committee, Inc., supra* at 1056 (dismissal of action for lack of federal question jurisdiction affirmed, since federal law "was not an ingredient of the plaintiff's claim . . . [but] provided simply the impetus for the contract upon which the suit was brought"); *Johnston v. Byrd,* 354 F.2d 982 (5th Cir. 1965).

 Further, it has been emphasized that breach of contract claims, like Plaintiff's claim in the instant case, are not converted to federal causes of action even where the contractual language at issue has been included in order to comply with federal regulations. In *Burgess v. Charlottesville Savings and Loan Ass'n,* 477 F.2d 40 (4th Cir. 1973), the contractual language at issue had been included by defendant savings and loan association in order to comply with federal regulations issued pursuant to the

---

1. The existence of jurisdiction based on an act of Congress regulating commerce (28 U.S.C. § 1337) is determined by the same standard as federal question jurisdiction (28 U.S.C. § 1331). Therefore, any discussion of federal question jurisdiction is applicable to jurisdiction pursuant to 28 U.S.C. § 1337. *Penn State Const. Co. v. Associated-East Mfg. Co.,* 457 F.Supp. 396, 398–399 (W.D.Penn.1978); *Yancoskie v. Delaware River Port Authority,* 528 F.2d 722, 725 (3rd Cir. 1975).

2. The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and *arises under* the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331(a).

3. The district courts shall have original jurisdiction of any civil action or proceeding *arising under* any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. 28 U.S.C. § 1337.

Truth in Lending Act, 15 U.S.C. § 1601 et seq. Nevertheless, the Court of Appeals held that the fact that federal regulations applied to the particular transaction—and indeed mandated inclusion of the very contractual language at issue—would not convert a breach of contract claim into a federal cause of action. *Id.* at 43–45.

Plaintiff cannot maintain this breach of contract action in federal court simply because federal statutes and regulations may have applied to the contract at issue here. Since it is apparent from the face of Plaintiff's Amended Complaint that this action does not arise under federal law, or require the interpretation of any federal law to resolve these common law claims, the Amended Complaint is subject to dismissal under Rule 12(b)(1).

Furthermore, since the Court may raise a Rule 12(b)(1) motion at any time, *sua sponte, Burgess v. Charlottesville Savings and Loan Ass'n, supra* at 43; Wright and Miller, *Federal Practice and Procedure,* § 1350 at 545 (1969), the undersigned concludes that Plaintiff's action is subject to dismissal as to all Defendants.

Accordingly, it is ORDERED as follows:

1. The motion of Summit and Davis to dismiss for lack of subject matter jurisdiction is GRANTED as to *all* Defendants, and

2. Defendants Fisher, Armada, and Webb shall show cause within fifteen (15) days why their counterclaim shall not be dismissed for lack of subject matter jurisdiction.