TRI–STATE MOTOR TRANSIT CO., a Delaware corporation, Plaintiff,

v.

MACLIF INDUSTRIES, INC. and Delta Builders, Inc., Defendants.

Civ. A. No. H–81–2911.

United States District Court, S. D. Texas, Houston Division.

Feb. 12, 1982.

Jeffrey D. Fridkin, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, Kansas City, Mo., for plaintiff.

Joel M. Androphy, Richie & Greenberg, P.C., Houston, Tex., for defendant.

## ORDER

McDONALD, District Judge.

Came on to be heard Delta Builders, Inc.'s Motion to Dismiss requesting this Court to dismiss plaintiff's cause of action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis that this Court lacks jurisdiction over the subject matter. Also pending before the Court is Delta's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has considered defendant's Motion to Dismiss under Rule 12(b)(1) and the plaintiff's response thereto, and has concluded, for the following reasons, that defendant's Motion to Dismiss for Want of Subject Matter Jurisdiction should be GRANTED.[1]

Jurisdiction in the instant case is predicated upon 28 U.S.C. § 1337, it being alleged that the cause of action made the subject of this lawsuit falls within the parameters of the Interstate Commerce Act, Title 49, Subtitle 4, as amended, 49 U.S.C. § 10101, *et seq.* Title 28 U.S.C. § 1337 confers jurisdiction on federal courts in actions "arising under any act of Congress regulating commerce or protecting trade or commerce against restraints and monopolies." Plaintiff's Complaint purports to invoke the jurisdiction of this Court by asserting that its cause of action, nonpayment for goods delivered in interstate commerce, can only be resolved upon invocation of 49 U.S.C. § 10101.

It is generally held that for federal question jurisdiction to exist, a federal law must constitute a direct element in the plaintiff's claim—it is not enough that it comes in remotely or indirectly. The Supreme Court has stated:

To define broadly and in the abstract "a case arising under the Constitution or laws of the United States" has hazards of a kindred order. What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of problems of causation. [A]s in problems of causation, so here in the search for the underlying law. If we follow the ascent far enough, countless claims of right can be discovered to have

---

**1.** Insofar as the Court finds no subject matter jurisdiction exists, the Court is without authority to entertain defendant's motion under Rule 12(b)(6).

their source or their operative limits in the provisions of a federal statute or in the Constitution itself with its circumambient restrictions upon legislative power. To set bounds to the pursuit, the courts have formulated the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible. We shall be lost in a maze if we put that compass by.

*Gully v. First National Bank in Meridian,* 299 U.S. 109, 117–18, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936).[2] Thus, if the federal law provides the substantial right only, but does not give the remedy, the remedy must come from state law and federal jurisdiction will be denied. *Id.* at 113, 57 S.Ct. at 97; *see also Crane v. Cedar Rapids I.C. Ry. Co.,* 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969); *Johnston v. Byrd,* 354 F.2d 982, 984 (5th Cir. 1965). Furthermore, the Fifth Circuit has held that a state law claim cannot be converted into a federal law claim by the mere involvement of a federal statute. To determine whether the action "arises under" federal law the Court has stated the following:

> a suit to enforce a right which takes its origins in the laws of the United States is not necessarily, for that reason alone, one arising under those laws, for a suit does not so rise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such laws, upon the determination of which the result depends.

*Hines v. Center Community Action Committee, Inc.,* 474 F.2d 1052, 1055 (5th Cir. 1973), quoting *Shulthis v. McDougal,* 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912); citing *Cabana Management Inc. v. Hyatt Corp.,* 441 F.2d 862 (5th Cir. 1971). Indeed, in the most recent opinion

by this Court, the Honorable Norman W. Black, in *Westland Oil Dev. Corp. v. Summit Transportation,* 481 F.Supp. 15 (S.D. Tex.1979), aff'd 614 F.2d 768 (Em.Ct.App. 1980), held that a plaintiff could not maintain a breach of contract action in federal court simply because federal statutes and regulations may have applied to the contract issue. In spite of the abundance of federal statutes and regulations involved, the case was dismissed for lack of subject matter jurisdiction.[3] Indeed, there is no case in the Fifth Circuit establishing that a contract action brought pursuant to 49 U.S.C. § 10101, *et seq.* satisfies 28 U.S.C. § 1337. Moreover, the existence of jurisdiction based on an act of Congress regulating commerce (in the instant case 49 U.S.C. § 10101) is determined by the same standard as federal question jurisdiction. *Westland Oil Development Corp. v. Summit Transportation,* 481 F.Supp. 15, 18 (S.D.Tex. 1979), affirmed, 614 F.2d 768 (Em.Ct.App. 1980).

In the instant case, plaintiff asserts that an action for payment of freight and tariff charges pursuant to Title 49 Subtitle 4, as amended, 49 U.S.C. § 10101, *et seq., ipso facto* compels invocation of federal jurisdiction. Defendant contends, however, that "while it is certainly true that the transit industry, like so many others, is subject to a variety of federal laws and regulations, the plain fact is that resolution of the instant dispute involving an alleged contract of guaranty requires no consideration of federal laws," but merely common law claims. The Court agrees with defendant that the instant cause of action may be resolved wholly in terms of principles of state common law of contract. There is no necessary connection between the enforcement of such contract according to its terms and the existence of a controversy arising

---

**2.** *Gully* was the last comprehensive discussion by the Supreme Court of the meaning of "arising under."

**3.** In *Westland,* plaintiff claimed that the rights, obligations and duties of the parties were governed by various statutes, and regulations including: (1) 15 U.S.C. § 751 *et seq.*; 15 U.S.C. § 761 *et seq.,* the Federal Energy Administra-

tion Act of 1974; the Economic Stabilization Act of 1970, as amended; the Defense Production Act of 1950, as amended; and § 5(a)(1) of the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 754(a)(1), which incorporates § 210 of the Economic Stabilization Act, 12 U.S.C. § 1904 note.

under federal law. In passing the Court notes that although a conceivable *defense* might arise under 49 U.S.C. § 10101 *et seq.*, it is axiomatic that federal jurisdiction may not be invoked on the theory that the construction of a federal statute will arise as a defense. *See Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1907); *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974); *Dickson v. Edwards*, 293 F.2d 211 (5th Cir. 1961).

In 1918 the Supreme Court of the United States held that an action to recover tariffs approved and published as required by the Interstate Commerce Act was sufficient to satisfy federal question subject matter jurisdiction. *See Louisville & N. R. Co. v. Rice*, 247 U.S. 201, 38 S.Ct. 429, 62 L.Ed. 1071 (1918). However, in *Rice*, the Supreme Court's *ratio decedendi* was grounded upon the determination that construction of the ICA was essential to the plaintiff's cause of action. Since this Court finds that Tri-State's cause of action is not similarly based, *Rice, supra*, is not controlling.[4]

Thus, the Court finds there is no nexus between the enforcement of plaintiff's contractual rights and the existence of a controversy arising under federal law. Finally, inasmuch as no subject matter jurisdiction exists, the cause against Maclif Industries is similarly dismissed.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.

---

**4.** Similarly, the Seventh and Tenth Circuits have held that a federal cause of action lies in appropriate circumstances under the ICA. However, in light of the Fifth Circuit's affirmance in *Westland, supra*, as well as the general tenor in the jurisdiction respecting the stringent requirements for jurisdiction under 28 U.S.C. § 1337, the Court finds plaintiff's reliance upon these cases unpersuasive. *See Madler v. Artoe*, 494 F.2d 323 (7th Cir. 1974); *Bernstein Bros. Pipe & Machinery Co. v. Denver & R. G. W. R. Co.*, 193 F.2d 441, 443–445 (1951).