**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1576**

ERIC M. MCMILLIAN,

            Plaintiff - Appellant,

      v.

WAKE COUNTY SHERIFF'S DEPARTMENT; S. HARRIS; S. BALDWIN; E.
BARRERA,

            Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (5:08-cv-00342-FL)

Submitted:  September 17, 2010        Decided:  October 28, 2010

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded with
instructions by unpublished per curiam opinion.

Eric M. McMillian, Appellant Pro Se.  John Albert Maxfield,
COUNTY ATTORNEY'S OFFICE FOR THE COUNTY OF WAKE, Raleigh, North
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal stems from the district court's order granting Wake County Correctional Officers Harris, Baldwin, and Barrera (collectively, "Defendants") summary judgment on the basis of qualified immunity, and dismissing Plaintiff Eric McMillian's civil rights action, filed pursuant to 42 U.S.C. § 1983 (2006).[1] Taken in the light most favorable to the injured party, see Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled on other grounds by Pearson v. Callahan, __ U.S. __, 129 S. Ct. 808 (2009), the record establishes the following facts.

In July 2008, McMillian was arrested and transported to the Wake County Jail. After being processed without incident, McMillian was placed in a single-person cell. After he was unsuccessful in his attempts to utilize the pay phone, McMillian became agitated. However, he eventually calmed down and rested in his cell.

---

[1] Although McMillian also named the Wake County Sheriff's Department as a defendant, the district court dismissed the complaint as to this defendant and further denied McMillian's request to amend his complaint to add the proper legal entity. McMillian does not contest either of these rulings on appeal. Nor does McMillian challenge the district court's disposition of his Eighth Amendment deliberate indifference claim. Accordingly, we conclude McMillian has forfeited appellate review of those aspects of the district court's order. See 4th Cir. R. 34(b) (limiting review to issues raised in the informal brief on appeal).

Defendant Harris later informed McMillian that he would be transferred to a different cell. To effectuate this transfer, Harris handcuffed McMillian and began to remove him from the cell. At this point, according to McMillian, Defendants placed him in a choke hold, forced him to the ground, and repeatedly struck him in the head. McMillian specifically alleged that, while he was handcuffed, Baldwin kneed him in the right eye, causing his eye to bleed. Although the record reveals some inconsistencies with regard to the particulars of the assault, McMillian has consistently maintained that the assaultive contact occurred *after* he was handcuffed.

McMillian filed the instant civil action several days later, alleging Defendants employed excessive force during the cell transfer. Defendants denied the allegations and claimed they were entitled to qualified immunity. Shortly thereafter, McMillian filed the first of several discovery requests, asking the district court to order Defendants to produce any video recordings and photographs from the night in question. Defendants did not deny the existence of such evidence, but instead asked the court to defer all discovery pending resolution of the qualified immunity issue.

The magistrate judge directed that discovery would be limited, initially, to that evidence relevant to Defendants' assertion of qualified immunity, and found that the materials

McMillian sought were not relevant to that issue. The district court upheld this ruling.

Defendants filed a motion for summary judgment, which was supported by affidavits from jail officials. According to these affidavits, McMillian was belligerent and disruptive from the time he arrived at the jail. When removed from his cell, McMillian began to rip folders from the walls, triggering Harris' decision to place him in handcuffs. Instead of complying with their order to turn for cuffing, McMillian attacked Harris, knocking him to the floor. Several other officers pried McMillian off of Harris, handcuffed him, and proceeded to move him to a new cell. The officers averred McMillian was not kicked or punched. McMillian, in response, denied these assertions, and reiterated that the video-recording from the jail would corroborate his version of events. McMillian submitted a sworn declaration in which he again averred that the assault occurred after he was handcuffed.

The magistrate judge concluded Defendants were entitled to qualified immunity because the officers' use of force was justified by the need to restore order. In reaching this conclusion, however, the magistrate judge did not address McMillian's contention that the officers assaulted him after he had been handcuffed. The magistrate judge further denied McMillian's request for the appointment of counsel.

4

In his objections to the magistrate judge's report, McMillian again emphasized that he had in fact complied with Harris' request that he turn around to be handcuffed; that he placed his hands behind his back, as ordered; and that he was assaulted by the officers after he was handcuffed. McMillian argued the use of force, after he was immobilized and subdued, was not employed in a good faith effort to restore order. McMillian again reiterated his request for the production of the video surveillance footage.

The district court adopted the magistrate judge's recommendation and found the officers were entitled to qualified immunity. The district court found McMillian's agitation and aggression during his transfer to a new cell justified handcuffing him, and that the level of force employed to accomplish that objective was appropriate.

McMillian subsequently filed another motion to compel discovery and a motion, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the court's judgment. The district court denied both motions.

On appeal, McMillian reiterates that Defendants' actions constituted excessive force in light of the fact that he was already handcuffed. McMillian further asserts error in the district court's refusal to authorize the requested discovery.

5

Finally, McMillian challenges the district court's denial of his motion for the appointment of counsel.

I.

This court reviews a district court's order granting summary judgment de novo, drawing all reasonable inferences in the light most favorable to the nonmoving party. See Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). However, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of his case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

"[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, ___ U.S. ___, ___, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The

6

Supreme Court has outlined a two-prong test for determining whether an officer is entitled to qualified immunity. Id. at 815-16. First, a court should decide whether the facts alleged by the plaintiff demonstrate a violation of a constitutional right. Id. If so, the court must determine "whether the right at issue was clearly established at the time of [the] defendant's alleged misconduct." Id. at 816. Courts are no longer required to rigidly adhere to this sequence, however, and may exercise their discretion in determining which prong to address first. See id. at 818-22.

Excessive force claims of arrestees and pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. See Orem v. Rephann, 523 F.3d 442, 446 (4th Cir. 2008); Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, __ U.S. __, __, 130 S. Ct. 1175, 1178-79 (2010) (per curiam). In analyzing such a claim, "[t]he proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998) (internal quotation marks omitted), abrogated on other grounds by Wilkins, 130 S. Ct. at 1178-79. This analysis requires consideration of whether the given situation required

7

the use of force and "the relationship between the need and the amount of force used." Orem, 523 F.3d at 446.

McMillian has consistently asserted that, after he was handcuffed and subdued, Defendants knocked him to the ground, repeatedly struck him, and kneed him in the head, causing his eye to bleed and injury to his neck. In granting summary judgment to Defendants, the district court accepted Defendants' assertions that they handcuffed McMillian due to his disruptive conduct, and that their use of force was limited to accomplishing that objective. Neither the magistrate judge nor the district court squarely addressed McMillian's allegation that the complained-of use of force occurred *after* he was handcuffed.

Accepting McMillian's allegations and evidence as true, as we must at this procedural juncture, see Jones v. Buchanan, 325 F.3d 520, 524 n.1 (4th Cir. 2003), we conclude the district court erred in finding there was no issue of material fact as to the need for the use of force and the extent of force Defendants used. Crediting McMillian's version of the events, we cannot say, as a matter of law, that knocking down, punching, and kicking an arrestee while he is in handcuffs are actions taken in good faith to restore order. See Young v. Prince George's Cnty., Md., 355 F.3d 751, 756-58 (4th Cir. 2004) (vacating order granting defendant police officer summary

8

judgment on plaintiff's Fourth Amendment excessive force claim, in which plaintiff alleged officer assaulted him after he was placed in handcuffs); Jones, 325 F.3d at 529 (noting factual dispute over whether plaintiff was handcuffed and that plaintiff might be unable to prove that he was in fact handcuffed, but suggesting that whether plaintiff was handcuffed was highly relevant to assessment of the reasonableness of the officer's conduct); see also Orem, 523 F.3d at 446-47 (upholding denial of qualified immunity defense asserted by police officer who used a taser on a suspect after she was handcuffed and restrained).

Adjudication of this issue is complicated by the fact that the district court denied McMillian's repeated requests for discovery of any videotapes and photographs from the night in question. We review the denial of a request for discovery for an abuse of discretion. Conner v. United States, 434 F.3d 676, 680 (4th Cir. 2006). "An abuse of discretion may be found where denial of discovery has caused substantial prejudice." Nicholas v. Wyndham Int'l, Inc., 373 F.3d 537, 542 (4th Cir. 2004) (internal quotation marks omitted).

McMillian has steadfastly maintained that the jail's surveillance cameras captured the events at issue. The court denied McMillian's request for discovery of any such evidence, finding it was not relevant to Defendants' assertion of qualified immunity. We disagree. In evaluating whether a

9

police officer is entitled to qualified immunity, the district court must assess whether there was a constitutional violation. See Pearson, 129 S. Ct. at 815. Certainly, evidence that would have confirmed (or dispelled) McMillian's allegations pertaining to the events that form the subject of this lawsuit is highly probative of that issue.[2] See Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 196 (4th Cir. 2006) ("Because there was a sufficient basis to believe such videos existed, and because this evidence represented [plaintiff's] principal opportunity to contradict the assertion that the district court found dispositive, the court should have allowed discovery as to the videos."). Because we conclude the denial of McMillian's discovery requests substantially prejudiced him, we hold the district court abused its discretion in denying these requests.

For these reasons, we conclude the district court's grant of summary judgment on the basis of qualified immunity was premature, particularly in light of the erroneous evidentiary ruling. Accordingly, we vacate the district court's order granting Defendants summary judgment on the basis of qualified immunity.

---

[2] It bears repeating that Defendants did not deny the existence of such evidence.

II.

McMillian also argues the magistrate judge erred in denying his motion for appointment of counsel. While a § 1983 litigant has no right to appointed counsel, see Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968), a district court's refusal to appoint counsel may be an abuse of discretion when "a pro se litigant has a colorable claim but lacks the capacity to present it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 (2006) does not authorize compulsory appointment of counsel), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989). In a civil case, orders denying appointment of counsel are reviewed for an abuse of discretion. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

As discussed above, McMillian's complaint arguably raises a colorable claim; however, the record reflects that McMillian ably pursued his claim in the district court. Accordingly, we conclude the district court did not abuse its discretion in denying McMillian's request for the appointment of counsel, and affirm that aspect of the district court's order.

III.

For the foregoing reasons, we vacate the district court's order granting Defendants summary judgment and remand

11

this case to the district court for further proceedings. We direct the district court to order Defendants to produce any and all relevant videotape and photographic evidence from the night in question. Further, although we affirm the district court's denial of McMillian's motion for appointment of counsel, we conclude it would be prudent for McMillian to be represented by counsel for the remainder of this litigation. Accordingly, upon remand, the district court should take the necessary steps to appoint counsel for McMillian. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND
REMANDED WITH INSTRUCTIONS
